## Cox, et al, v. Interstate Coal Company.

(Decided February 11, 1914.)

### Appeal from Pike Circuit Court.

1.  Infants—Voidable Judgment—Not Subject to Collateral Attack.— It is a well recognized rule that where the court rendering

a judgment has jurisdiction of the subject matter of the action and of the parties, the judgment, although irregular or erroneous, is conclusive so long as it is unreversed, and cannot be collaterally attacked; and this rule applies to a judgment affecting infants as well as adults.

2.   Judgment Based on Incompetent Evidence—When Infant Bound By.—Although a judgment affecting the rights of an infant, may have been based wholly on the evidence of one incompetent to testify against the infant; neither that fact nor the further fact that such incompetent evidence would have compelled the reversal of the judgment on appeal, rendered the judgment void, or makes it subject to collateral attack.

3.   Process—How Served on Infant Under 14.—Summons against an infant under 14 years of age, must be served on his father, or if he have no father; on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him. But if any of the parties mentioned, upon whom the service for the infant must be had, is a plaintiff in the action, the summons in that event must be served on the guardian ad litem of the infant, who shall be appointed by the clerk of the court for that purpose. Service of summons on the father for the infant under 14, if the father be a defendant, will be valid, although his interest in the subject matter of the action is antagonistic to that of the infant. It is only where the party upon whom summons is required to be served for the infant is a plaintiff, that service of the summons must be on the guardian ad litem for the infant.

C. M. WHITT and ROBERSON, LANGLEY & COOPER for appellants.

ROBERT L. MILLER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On June 5, 1882, Jesse Phillips and Vicie E. Phillips, his wife, for love and affection, executed, acknowledged and delivered to their granddaughter, Polly Cox, a life estate in a tract of land in Pike County, this State, to take effect at the death of the grantors, with remainder to the children of Polly Cox. The instrument concludes as follows: "To have and to hold the same with all the appurtenances thereof to the second party her lifetime, and then to the heirs of her body and assigns forever, with covenants of general warranty. This deed is not to take effect until the death of Jesse Phillips; then this deed is to be in full force, and I am to keep possession until my death. The deed was duly recorded June 7, 1882, in the office of the clerk of the Pike County Court.

September 23, 1887, Jesse Phillips by petition filed in the Pike Circuit Court, to which Polly Cox, James Cox her husband, Doshall M. Cox, Franklin Cox, Mary Cox, and John Cox, their infant children, were made defendants, sought a correction and reformation of the deed made by him to Polly Cox and her children. It was, in substance, alleged in the petition that in making the deed the grantor intended to convey to Polly Cox a fee simple title to the land therein described, but by mistake of the draughtsman of the deed, and without the knowledge of the grantor, it was so written as to convey her only a life estate in the land, with remainder to her children. The petition closed with a prayer for the correction of the deed and that it be so reformed as to convey to Polly Cox the fee simple title to the land.

Summons was duly issued on the petition against all of the defendants named therein, and service thereof was had September 30, 1887, by delivering to James Cox and Polly Cox copies thereof for themselves; and upon the infants, Doshall M. Cox, Franklin Cox, Mary Cox, and John Cox, each of whom was at the time under fourteen years of age, by delivering a copy for each to their parents, James Cox and Polly Cox. On the fifth day of October, 1887, and during a regular term of the Pike Circuit Court, the plaintiff, Jesse Phillips, filed in the action his affidavit showing that the above-named children of James and Polly Cox, were infants under 14 years of age; that they had no statutory guardian, curator or committee; and that they resided with their parents, James and Polly Cox. Following the filing of this affidavit, on the motion of Jesse Phillips, H. M. Ferrell, an attorney of the court, was by an order thereof duly appointed guardian ad litem for the infant defendants, which appointment he accepted; and pursuant to which he, thereafter and before the submission of the case, filed a report or answer in behalf of the infants. On notice from the plaintiff, which was duly served upon James Cox, Polly Cox and the guardian ad litem for the infant defendants, the deposition of Jesse Phillips was taken in the action, wherein he testified as to the mistake made in the preparation of the deed by the draughtsman in so writing it as to convey to Polly Cox only a life estate in the land, with remainder to her children; whereas it was the intention of the grantor to convey her by the deed the fee therein; and that the mistake thus made by the draughtsman was not discovered by

or made known to him until some time after the recording of the deed. Upon the record as thus made up the circuit court rendered judgment, the material part of which reads as follows: "And it is now adjudged by the court that said deed be so reformed as to divest the infant children of Polly Cox of any title, claim or interest in or to the said lands and vest the absolute title to the said lands in the defendant, Polly Cox, and to that end this deed is corrected."

On December 23, 1887, Polly Cox and James Cox, her husband, for a valuable consideration, sold and by deed conveyed to J. J. Stewart, trustee, all the coal, oil and other minerals on, in and under the land, conveyed to Polly Cox by Jesse Phillips, which deed was at once duly recorded in the proper office. Some time during the year 1912 J. J. Stewart, as trustee, for a valuable consideration, sold and, by deed, conveyed the coal, oil, and other minerals on, in and under the land in question to the Interstate Coal Company, and this deed was also duly recorded.

In January, 1913, this action was instituted in the Pike Circuit Court by the appellants, Franklin Cox and Doshall A. Hatcher, his widowed sister, two of the children of Polly Cox, against the appellee, Interstate Coal Company, alleging in the petition that they are the owners in remainder of the land conveyed by Jessee Phillips to their mother, Polly Cox, June 5, 1882, and to the coal, oil, and other minerals in or on the land; and that the judgment reforming the deed from Jesse Phillips to their mother, rendered in the action brought by Jesse Phillips against their mother, and her husband and children, was and is void as to them, because, first, though made defendants to the action, they were not legally served with summons or brought before the court; second, that Jesse Phillips, upon whose testimony alone the deed was reformed, was not a competent witness as to them; in view of which the subsequent deed from Polly Cox and her husband to J. J. Stewart, as well as that from the latter to the appellee, Interstate Coal Company, is also void. Mary Cox and John Cox, two of the children of Polly and James Cox, who were living at the time the action was brought by Jesse Phillips for the reformation of the deed to their mother, died in infancy. Appellee filed a demurrer to the petition, as amended, which the court sustained, and appellants declining to plead further, their action was

dismissed. From the judgment manifesting these rulings they have appealed.

The first ground of attack upon the judgment in the action brought to reform the deed, is without merit. This contention rests on the theory that as the effect of reforming the deed was to divest the infants of all interest in the land and vest the absolute title to their mother, her attitude and that of her husband as parties to the action was by reason thereof antagonistic to the interest of the infants, for which reason service of the summons issued on the petition could not legally be made upon the infants by delivering to the parents, or either of them, a copy thereof for each of the infants. In other words, it is insisted that the case was one in which it was necessary that summons should be served on the infants through a guardian ad litem by the delivery to him of a copy thereof for each of them; and that the guardian ad litem should have been appointed by the clerk of the circuit court, following the filing by the plaintiff, or his attorney, of an affidavit showing the necessity therefor. Subsections 1 and 2, Section 38, Civil Code, prescribe when, how, by whom and for what purpose a guardian ad litem shall be appointed. Sub-section 3 prescribes his duties, and sub-section 4 how he shall be compensated. Sub-section 2 confers upon the clerk of the circuit court authority to appoint a guardian ad litem during a vacation of the court, upon the filing of the affidavit required by sub-section 1, showing the necessity therefor; and section 52, makes it the duty of the clerk alone to appoint a guardian ad litem, where the necessity therefor is shown by affidavit, in order to obtain service of summons on an infant under 14 years of age. Section 52, as a whole provides:

"If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him. If any of the parties upon whom summons is directed to be served by this section is a plaintiff, then it shall be served on the person who stands first in the order named in said section, and who is not a plaintiff; and if all such persons are plaintiffs, it shall, on the affidavit of one or more of them showing that fact, be the duty of the clerk of the court to appoint a guardian

ad litem for the infant, and the summons shall be served on such guardian.''

It is patent that the infants were properly served with summons in the action brought to reform the deed executed by Jesse Phillips to their mother, Polly Cox. As neither she nor her husband was a plaintiff in that action, there was no necessity for the appointment of a guardian ad litem before the infants were summoned, or that service of the summons upon them should be made through a guardian ad litem. The father and mother, in whose custody they admittedly were, were defendants to the action, and while it was unnecessary to have obtained service of the summons upon the infants by delivering copies thereof for them to both the father and mother, the father alone being the proper person to receive them, the fact that they were also delivered for the infants to the mother, was not material and did not effect the validity of the service, as actually made, by the delivery to the father of the copies for the infants. It is only where the party upon whom summons is directed by section 52 to be served for the infant, is a *plaintiff*, that the appointment of a guardian ad litem for the infant before service of summons becomes necessary. Tyler v. Jewell, 10 R., 887; Cheatam v. Whitman, 86 Ky., 614; Donaldson v. Stone, 11 R., 27; Rodgers v. Rodgers, 17 R., 358.

The question raised by the second contention urged by appellants would have authorized the reversal of the judgment reforming the deed from Jesse Phillips to Polly Cox, had an appeal been taken therefrom; but it cannot be relied on in a collateral attack upon the judgment as here attempted. Obviously, as plaintiff in the action to reform the deed, the interest of Jesse Phillips was adverse to that of appellants, the object of the action being to deprive the latter of their remainder interest therein; and that fact, in view of their infancy, disqualified him as a witness. (Sub-section 2, section 606, Civil Code.) The improper admission of his testimony, however, did not make the judgment in that case void, but only voidable. Being an erroneous judgment, the remedy for its correction was an appeal.

Our meaning is well illustrated by the following excerpt from the opinion in Arnold v. Lawson, 146 Ky., 365: ''The court may have erred greatly in entering the judgment, but this error of the court does not make the judgment void. It may be that under the pleadings in

that case, and the proof, a very different judgment should have been entered, and that this court would have reversed the judgment if an appeal had been taken from it in proper time. But no appeal having been taken, the judgment cannot for this reason now be regarded void. The parties were before the court; a guardian ad litem was duly appointed for the infants. He filed his report making defense for them; proof was taken; the case was heard by the court; and, as the court had jurisdiction of the parties and the subject matter, it cannot be said that his judgment was void. It is true that he should have ordered so much of the land sold as was necessary to satisfy the judgment, but no more was sold than was necessary to satisfy the judgment. The land did not sell for enough to pay the judgment. The proceedings were not, therefore, void, and however erroneous they may have been, they cannot be attacked in this action. The circuit court erred in those actions in discharging the guardian ad litem when one of the infants was not of age. This error was not shown by the record and the infant might have had relief from the judgment had she asked it in the time allowed; but this she failed to do. The judgment is not void because a mistake was made as to her age, and she was supposed to be of age when she was not. (Berryhill v. Holland, 124 Ky., 615.) The circuit court therefore properly dismissed the petition now before us.''

It is a well recognized rule that where the court rendering the judgment in the former action has jurisdiction of the subject matter and the parties, the judgment, although irregular or erroneous, is conclusive so long as unreversed, and cannot be attacked collaterally; and this doctrine applies to a judgment affecting infants as well as adults. Sorrell v. Samuels, 20 R., 1498; Berry v. Foster, 22 R., 745; Miller v. Farmers Bank, 25 R., 373; Bustard v. Gates, 4 Dana, 429.

It is argued by counsel for appellants that Jesse Phillips was not the owner of such an interest in the land as entitled him to maintain the action for the correction of the deed to Polly Cox. This argument is unsupported by authority. He owned a life estate in and had possession of the land, and if the deed by mistake of the draughtsman failed to carry out his purpose in making the conveyance, he had the right to ask that it be corrected so as to accomplish the object designed. The land was a gift to his granddaughter, and as the giver he had the right to

convey it in any manner he chose; and upon discovering the mistake in the deed as made to have it corrected.

Finding no error in the judgment in the instant case, it is affirmed.