## Lasley v. Depp, Superintendent, et al

(Decided September 27, 1916.)

### Appeal from Barren Circuit Court.

1. Schools and School Districts—Suspension or Removal of Teacher. —In a proceeding to suspend or remove a teacher under section 4417, entucky Statutes, where the notice to the teacher, though defective, in not specifying the acts complained of and the time of their commission, was sufficient in other respects, and he appeared and defended, the superintendent had jurisdiction and his judgment is not void and cannot, therefore, be assailed collaterally.

2. Schools and School Districts—Removal of Teacher—Remedy of Teacher.—The remedy of a teacher removed under section 4417, Kentucky Statutes, even though the judgment of the superintendent removing him be voidable, is by appeal to the state superintendent of public instruction and not by injunction, neither the circuit court nor the Court of Appeals, under section 4418, having jurisdiction.

S. E. JONES for plaintiff.

BAIRD & RICHARDSON for defendants.

OPINION BY JUDGE SETTLE—Sustaining Motion to Dissolve Injunction.

This case is before me as a judge of the Court of Appeals on motion by the defendants, Nettie B. Depp, county superintendent of common schools of Barren county, Samuel L. Dotson, claiming to have been employed to teach the White's Chapel School in colored common school district U, Barren county, and J. G. Crenshaw and others, constituting the educational board of Educational Division No. 2, of that county, to dis-

solve an injunction granted by the judge of the Barren Circuit Court, whereby they, the defendants, were restrained from interfering with the plaintiff's right to teach the colored common school in district U, White's Chapel, and prevented from executing a judgment of the superintendent by which plaintiff had been suspended as the teacher of such school; his alleged right to teach which, though contested by Samuel L. Dotson and some of the other defendants, members of the educational board of Division 2, had been determined by a judgment and mandamus of the Barren Circuit Court, entered and awarded by that court in a previous action between the same parties. It is unnecessary to discuss the matters at issue in that action, further than to say that the judgment awarding plaintiff the school and writ of mandamus to put him in possession of it, cannot be and is not here collaterally attacked, nor does it in any way affect the trial of plaintiff before the county superintendent, in which he was charged with and adjudged guilty of immoral conduct and, by reason thereof, his right to teach the school suspended, for the latter trial was had and judgment therein rendered after the mandamus proceedings ended. So the question whether plaintiff was entitled to the injunctive process granted him in the present case by the circuit judge depends upon whether the judgment of the superintendent suspending him as a teacher is or not valid.

It is contended by the plaintiff that neither the petition filed with the superintendent by the patrons of the school, asking that he be tried, nor the notice thereof given him by the superintendent, and of the time and place of trial, specified the alleged immoral conduct of which he had been guilty or the time the offense was committed; and that in the absence of such specifications the superintendent was without jurisdiction to try or suspend him as a teacher; that by special demurrer filed at the time fixed by the notice for the trial he objected to the jurisdiction of the superintendent to try him, but that the demurrer was overruled by the superintendent and the trial had and concluded without any written specification of the charges made against him, for which reason the judgment suspending him as a teacher of the school, rendered by the superintendent, was and is void and such being its character, it presented no bar to his right to the injunction granted by the circuit judge.

On the other hand it is the contention of the defendants that though the proceedings had upon the trial before the superintendent may have been irregular or defective, the conduct of the plaintiff in submitting himself to trial without requiring or demanding a specification of the charges of immoral conduct made against him, amounted to a waiver of such irregularities or defects and made the judgment of suspension rendered by the superintendent legal and binding, unless and until reversed by the State Superintendent of Public Instruction; and that as no appeal was granted or taken to the latter officer, plaintiff's rights are concluded by the judgment in question.

Section 4417, Kentucky Statutes, provides:

"For incompetency, neglect of duty, immoral conduct, or other disqualification, the county superintendent may suspend or remove from office any trustee or teacher of any school under his supervision. But before a county superintendent shall suspend any trustee or teacher, he shall give said trustee or teacher at least five days' notice of the charges made against him, and give the trustee or teacher an opportunity to produce evidence, and defend any action against him."

Section 4418 allows to the trustee or teacher aggrieved by any act or decision of the county superintendent the right of appeal to the State Superintendent of Public Instruction. It is conceded by plaintiff that he did not prosecute an appeal to the superintendent suspending him as a teacher. He also admits that he was served more than five days before his trial by the county superintendent with written notice informing him that certain patrons of the school had filed a petition with the county superintendent charging him with immoral conduct and that this notice also informed him of the time and place fixed by the county superintendent for the trial or hearing of such charge. It is true that neither the petition nor notice specified the act or acts constituting the immoral conduct charged, nor did either fix the time of the commission of the immoral act or acts. It is likewise true that the plaintiff, upon appearing at the time and place of trial, objected to the jurisdiction of the county superintendent, but the record fails to show that he then filed a demurrer on that ground, as claimed by him. It does appear, however, from the record, that he was present in person and was represented by counsel

throughout the trial which followed; that evidence was introduced by the petitioners in support of the charge of immoral conduct and in behalf of the plaintiff in refutation thereof; and that after plaintiff's objection to the jurisdiction of the county superintendent was overruled, he failed to move for or demand the filing of particulars or other written statement specifying the act or acts constituting the alleged immoral conduct or the time of their commission.

The judgment of the county superintendent is not void. In proceeding under section 4417, Kentucky Statutes, to suspend or remove a teacher "for incompetency, neglect of duty, immoral conduct, or other disqualification," the notice from the county superintendent to the teacher should specify the act or acts charged and also when they were committed. Bowman v. Ray, 25 Ky. L. Rep. 2131; Lapsley v. Smith, 23 Ky. L. Rep. 1065.

In Wilson v. Hite, superintendent, etc., 21 Ky. L. Rep. 1199, in which a teacher was deprived of her certificate by the county superintendent on the ground of her alleged incompetency, it was held that the judgment of the superintendent was void, but this was because no notice was given the teacher, either as to the charge or time or place of trial, and in the absence of such notice the superintendent was without jurisdiction to try the charge or deprive the teacher of the certificate. In the instant case, however, the plaintiff was given notice which, though deficient, had the effect to bring him before the superintendent at the time and place fixed by him for the trial of the charge against him. Upon thus appearing he contented himself with the filing of a demurrer to the jurisdiction of the superintendent, and when the demurrer was overruled went into and through the trial on the general charge of immoral conduct, without demanding any specification of the acts constituting the offense or the time of their commission. Even if the defects in the notice and proceedings were not waived by these acts of plaintiff, at most the judgment of the county superintendent was only voidable, and a voidable judgment is not subject to collateral attack. If void it may be collaterally attacked, but not otherwise. When, however, the court (or, as in this case, the county superintendent) has jurisdiction, and the defendant appears or is warned according to law, submits to trial and makes defense on the merits, the judgment is not void,

although it may be erroneous in all of its parts, nor can it be assailed collaterally. Derr v. Wilson, 84 Ky. 14; Newcomb's Exr. v. Newcomb, 13 Bush, 544; Cox, et al., v. Interstate Coal Co., 157 Ky. 373; Berry v. Foster, 22 Ky. L. Rep. 745; Bustard v. Gates, 4 Dana, 429; Arnold v. Lawson, 146 Ky. 365.

The remedy to which the plaintiff should have resorted in this case was an appeal to the State Superintendent of Public Instruction. As the plaintiff was estopped by the judgment of the county superintendent suspending him as a teacher from claiming the relief prayed by him in the instant case, it follows that the circuit judge should not have allowed the writ of injunction granted; hence the motion of the defendants to dissolve the injunction is sustained and the injunction dissolved. Chief Justice Miller and the other judges of the Court of Appeals sat with me in the consideration of this case and all concur in the opinion here expressed.