## Hale v. Board of Education of Calloway County et al.

(Decided April 17, 1934.)

J. C. SPEIGHT for appellant.
R. H. HOOD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Edna Hale brought this action against the members of the county board of education of Calloway county to compel them to elect her as a teacher of the Faxon High School and to have the election of Miss Lela Watson declared null and void. Being denied the relief asked, she appeals.

The facts are: Appellant, who was eligible and qualified to teach in a high school, applied for appointment as a teacher in the Faxon High School. In the month of April, 1933, the members of the county board of education had assembled for the purpose of electing teachers. After all the positions in the school had been filled except two, the county superintendent recommended appellant. Thereupon the county board rejected the recommendation. The superintendent then recommended Miss Emma Keel, who was elected. He then recommended Miss Lela Watson, who was also elected by the board.

It is the rule that a county board of education cannot reject nominations made by a county superintendent of schools for principals, assistant principals, and teachers for county consolidated and high schools, except for lack of moral and educational qualifications, in the determination of which the board has a discretion. Kentucky Statutes 1930, secs. 4399a-7 and 4399a-11; Stith v. Powell, County Superintendent of Schools, 251 Ky. 155, 64 S. W. (2d) 491. Following this rule it would have been the duty of the Calloway county board of education to elect appellant had there been no objection on account of fitness, and the county superintendent had stood by his recommendation. That, however, is not the case. On her rejection by the county board the county superintendent did not renominate appellant or insist on her election. On the contrary, he acquiesced in the board's action and nominated two other applicants for the two positions to be filled. In the circumstances we are constrained to the view that the action of the county superintendent was in effect a withdrawal of appellant's nomination, and that the county board then had the

right to elect the other two teachers nominated by him. It follows that appellant is not entitled to the relief prayed, and that the chancellor did not err in so adjudging.

Judgment affirmed.