# Hall, Superintendent of Schools of Floyd County, et al. v. Cooley et al.

March 17, 1939.

John W. Caudill, Judge.

EDWARD L. ALLEN and TOWN HALL for appellants.
COMBS & COMBS for appellees.

430

Opinion of the Court by Sims, Commissioner—
Reversing on appeal and affirming on cross-appeal.

Will Cecil was subdistrict trustee in the Harold-Lanesville Consolidated School District in Floyd County until July 16, 1938, on which date his term of office expired. On March 26, 1938, in compliance with Section 4399-9, Kentucky Statutes, he filed with the County Board of Education of Floyd County (which will hereinafter be referred to as the Board) his written recommendation of six teachers, among whom was Mrs. Mildred Stumbo Cooley, to be employed by the Board to teach in the Harold-Lanesville school for the year 1938-1939. Although the Board acted on many similar recommendations made by subdistrict trustees and during the months of April, May, June, and July entered into contracts of employment with a great number of teachers, it took no action on the recommendations made by Cecil until August 6, 1938, at which time it employed all the teachers he recommended, with the exception of Mrs. Cooley.

On that same day Town Hall, County Superintendent of Floyd County, filed with the Board his written objection to the employment of Mrs. Cooley, reciting therein she had been employed as a teacher in this school the previous year and had been guilty of unprofessional conduct and insubordination. The Board unanimously rejected the nomination of Mrs. Cooley, reciting in their written resolution recorded in the minute book of the Board that it rejected this teacher because she had been guilty of unprofessional conduct and insubordination in this school during the year 1937-1938. There was no subdistrict trustee to make another recommendation as is provided in Section 4399-9, Kentucky Statutes, because the Board, on March 5, 1938, had entered an order on its minute book discontinuing all subdistricts in accordance with Section 4399-6; and the Board on the recommendation of the county superintendent employed Miss Angeline George as the sixth teacher in this school in lieu of Mrs. Cooley.

A few days after the Board had rejected Mrs. Cooley's nomination, she and Will Cecil, the former subdistrict trustee who nominated her, instituted this action in the Floyd Circuit Court. They alleged the Board arbitrarily, capriciously, unlawfully and wrongfully declined to employ Mrs. Cooley as a teacher in this school after she had been duly and legally recommended by the

subdistrict trustee, and they sought to mandamus the Board to employ Mrs. Cooley as a teacher in this school and to enjoin Miss George from teaching therein. Issues were joined by appropriate pleadings, proof was taken by depositions, and upon final submission of the case to the chancellor, he adjudged Mrs. Cooley was duly nominated by the subdistrict trustee; that she was qualified to teach in public schools of Floyd County; that she had not been guilty of unprofessional conduct or insubordination; that the Board must enter into a contract of employment with her as a teacher, but it could employ her as a teacher in any public school in the county; but he refused to enjoin Miss George from teaching in the Harold-Lanesville Consolidated School.

The chancellor suspended the injunction for 20 days to allow appellants to move this court to suspend or modify the injunction pending the appeal. Upon appellants' motion in this court the injunction was suspended pending the appeal. This case is now here on the appeal of the Board seeking to reverse so much of the judgment as orders it to employ Mrs. Cooley; and appellees have prosecuted a cross-appeal to reverse that part of the judgment holding the Board may employ Mrs. Cooley as a teacher in any public school in Floyd County, and that part of the judgment refusing to enjoin Miss George from teaching in the Harold-Lanesville Consolidated School.

There are several questions raised in the briefs but as this case must be reversed because the chancellor adjudged Mrs. Cooley was not guilty of unprofessional conduct and that the Board had no right to reject her nomination made by the subdistrict trustee, we will confine ourselves to this question and not consume time and space in discussing the others. The evidence is quite conflicting on the charge of insubordination and as we have reached the conclusion Mrs. Cooley was guilty of unprofessional conduct, we will not go into the question of her alleged insubordination.

Mr. A. J. Martin was principal of this school during the year 1937-1938. Rumors reached him that he was being criticised by some of his teachers and he called all of the teachers into one of the classrooms during a recess period in January or February, 1938, to take the matter up with them. Without calling any names, he admonished the assembled teachers in rather vigorous terms concerning their disloyalty to him, saying that if

it did not cease, those guilty of criticising him would likely lose their positions in the school. After Mr. Martin left the room, Mrs. Cooley in a stage whisper, which was heard by all the teachers present, consisting of a man and three women, used such vile, vulgar and indecent language about Mr. Martin that we refrain from incorporating the words in this opinion. Mrs. Olna Hamilton, Miss Cora Perry and Mr. Orville Jones all testified they heard Mrs. Cooley utter these words. Indeed, Mrs. Cooley was on the witness stand several times and she did not deny she spoke these words complained of, therefore, there can be no doubt that she did so. We are of the opinion that such language used by a woman in a teachers' meeting in the presence of a man and three other women teachers concerning her principal shows her to be guilty of unprofessional conduct.

Section 4399-9, Kentucky Statutes, provides a Board may in writing reject for cause a teacher nominated by the subdistrict trustee. In making rejections of teachers in such instances the Board may not act arbitrarily or capriciously, but it must exercise a sound discretion in determining whether or not such nominees are morally and educationally qualified for teachers in the public schools. Stith v. Powell, 251 Ky. 155, 64 S. W. (2d) 491; Hale v. Board of Education of Calloway County, 254 Ky. 96, 70 S. W. (2d) 975. Language so vile and obscene as to be unprintable when used by a woman teacher concerning the principal of a school in a teachers' meeting where men and women teachers are assembled, stamps her as a person not qualified to teach in the public schools where children are under her control and influence. As pointed out by this court in Gover v. Stovall, 237 Ky. 172, 35 S. W. (2d) 24, a teacher in the public school system is regarded by both patrons and pupils in the light of an exemplar, whose conduct and words are likely to be followed by the children taught, therefore, no conduct or language should be indulged in by the teacher which is calculated to invite criticism.

Appellees argue the Board had no authority to reject Mrs. Cooley without giving her notice of the charges against her and afford her an opportunity to appear and defend herself. In support thereof they cite Howard v. Bell County Bd. of Ed., 247 Ky. 586, 57 S. W. (2d) 466; Graham v. Jewell, 204 Ky. 260, 263 S. W. 693; Lasley v.

Depp, 171 Ky. 218, 188 S. W. 352; and Wilson v. Hite, 54 S. W. 726, 21 Ky. Law Rep. 1199.

An examination of the Howard and Graham cases show the Board attempted to oust the superintendent on charges preferred against him, and this court held the superintendent in each case was entitled to notice of the charges preferred and should have a reasonable opportunity to appear before the Board and defend himself. A county superintendent is elected for a definite term of office and this fact distinguishes those cases from the one here.

This is not a case wherein the Board is seeking to oust Mrs. Cooley but is one where it is passing on her qualifications prior to her employment. Therefore, it is not necessary for the Board to prefer charges against her, or to give her an opportunity to defend herself on any claims which the Board thinks disqualifies her. The Lasley case was one wherein the superintendent sought to remove a teacher under Section 4417, Kentucky Statutes (repealed by an Act of 1920), and this very section, as is shown by the opinion of the court in that case, provided for five days' notice to be given the teacher of the charges, and further provided that the teacher be given an opportunity to defend thereon. In the Wilson case the county superintendent sought to remove a teacher under section 4417. There the county superintendent attempted to proceed under this same statute and the ruling of the court was the same as in the Lasley case.

In the case at bar the Board acted under Section 4399-9 Kentucky Statutes, which contains no provision for notice to the teacher or for a subsequent hearing to determine the validity of the grounds upon which the nomination was rejected. Here the Board is not seeking to oust a superintendent or a teacher on charges preferred, but it is rejecting the employment of the teacher because of her misconduct. Counsel in their briefs cite us to no case requiring notice to the teacher, and a subsequent hearing by the Board, before it may reject her nomination, and we have found none. Therefore, we conclude the Board under section 4399-9 has the authority to reject for cause a teacher nominated by a sub-district trustee without giving the nominee notice of the charges and without giving the nominee the right to appear and defend.

Appellees argue that after Mrs. Cooley was rejected by the Board, the subdistrict trustee, Cecil, should have been given an opportunity to make another nomination as provided under section 4399-9. The weakness of this position is the subdistrict trustee's term of office expired July 16, 1938, and the Board rejected Mrs. Cooley's nomination August 6, 1938. Thus, Cecil, the subdistrict trustee, not being in office at the time his nomination was rejected, was without authority to make a second nomination. It is not necessary for us to pass upon the validity of the Board's action on March 5, 1938, abolishing all school subdistricts in Floyd County, effective July 1, 1938, because the subdistrict trustee's office expired July 16, 1938, and there was no subdistrict trustee to make another nomination after the Board had rejected Mrs. Cooley, August 6, 1938. It had the right to elect Miss George as a teacher in this school upon the recommendation of the county superintendent as is provided in section 4399-9.

We have reached the conclusion the chancellor erred in adjudging Mrs. Cooley was not guilty of unprofessional conduct and in ordering the Board to employ her as a teacher; therefore, the judgment is reversed on the appeal and affirmed on the cross-appeal.