## Coleman et al. v. Board of Education of Pike County et al.

March 24, 1939.

R. Monroe Fields, Judge.

SIDNEY TRIVETTE for appellants.
STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

Sometime prior to the year 1937 one of the appellants and a plaintiff below, John C. Thacker, was elected trustee of sub-school district No. 88 in Pike County, Kentucky, and at the times herein involved he was asserting his right and attempting to so act. On the 10th day of February, 1937, he, as such alleged trustee, recommended the other plaintiff and appellant, James A. Coleman, as a primary teacher in his sub-district No. 88, for the ensuing scholastic year, and which recommendation was filed with the county board of education shortly thereafter, and during the same month. Prior thereto—and sometime in 1936—an attempt had been made to oust Thacker as subdistrict trustee of his school district upon the ground that he had been charged with and convicted of a misdemeanor, which brief says was for being intoxicated at a public place. When that was done the board attempted to supply the supposed vacancy by the election of one Blevins as trustee for that district, on the theory that his conviction vacated Thacker's office. Blevins recommended as teacher in subdistrict No. 88 in lieu of Coleman the defendant, Mrs. Herbert Chaney, and in the month of May the board of education agreed to employ her for the position.

In the meantime—and before the approval of Mrs. Chaney's recommendation by Blevins—rumors had reached the board, as emanating from patrons of the school district, to the effect that Coleman was morally unfit for the place and he was so accused in the floating rumors. After the approval of Mrs. Chaney's recommendation by Blevins the county board of education became convinced that Thacker had not been legally ousted as subdistrict trustee and he was re-recognized by the board as such. Charges were then preferred before the board against Coleman, and he and Thacker were notified of the day when they would be investigated by the board, at which time both of them were present. Among the charges preferred against Coleman was that he had been unduly intimate with women. At the hearing he was asked and pressed to state whether or not he was guilty of the charges preferred, and he declined to give a specific answer, or to deny in toto the accusations made against him, but contented himself by saying that the charges (all of them, including

the unlawful sexual activities) were serious ones and that he was not guilty of "all of them"; whereupon the board dismissed absolutely his recommendation, followed by Thacker, on the same day, recommending Mrs. Chaney and withdrawing that of Coleman.

A few days before that hearing Coleman filed this equity action against the board, all of its members, and Mrs. Chaney, in which he sought mandatory processes of the court requiring the board to rescind the order employing Mrs. Chaney and to enter one employing him to teach the school for the scholastic year 1937-1938. The preparation of the case for trial was not diligently proceeded with, and it was not submitted for hearing until long after the school had been taught, with Mrs. Chaney filling the place for which she had been recommended by Thacker after Coleman's recommendation was rejected. Nowhere in the petition does plaintiff, Coleman, seek judgment against the board for any amount of money, nor does he allege that there was ever any agreement on the part of either Thacker or the board to pay him any specific amount of compensation. Therefore, the petition (never having been amended) was insufficient to authorize any judgment for a definite sum against the board; not only for the reason stated, but also because no part of the time for the teaching of the school had expired when the petition was filed, and no claim for any compensation was made by any subsequent amendment after any such time had expired. The only relief prayed for was that of the mandatory character referred to. It would, therefore, appear that the time for the granting of such relief has long since passed and the right to obtain it became lost because the question, being moot at the time, the cause was submitted and determined in the trial court. But however that may be, the court in its judgment, rendered at the belated date, dismissed plaintiff's petition, from which he prosecutes this appeal.

Waiving the point of the question being moot, we are convinced that the judgment was proper on the merits of the case as developed by the evidence taken and heard. Much discussion is made in brief of counsel for Coleman with reference to the practice adopted by the board in its investigation of the charges preferred against their client; but the fact remains that he appeared at that hearing and refused and delined to deny the chief and most far-reaching ones preferred

against him. Therefore, waiving all questions as to which one of the contesting parties (Thacker or Blevins) was the de jure trustee at the times involved herein, the record nevertheless discloses valid grounds for the county board of education to reject the recommendation of Coleman by whomsoever it may have been made. The character of proceedings had before the board in this case by which the recommendee (Coleman) was arraigned before it, and the manner in which it conducted the investigation at that arraignment, are not supposed to conform to the technical rules of practice prevailing and followed in the investigation of issues pending in courts. The essential requisite is—that the parties have an opportunity to be present and to be heard, and when the record of such an investigation discloses that such opportunities were so extended (and especially where it shows that they were actually present), followed by the development of facts justifying the final conclusions reached, the results will be upheld as substantially conforming to the requirements of the law. The questions here involved are almost completely analogous to those involved in the case of Town Hall et al. v. Mildred Stumbo Cooley, 277 Ky. 429, 126 S. W. (2d) 811, decided March 17, 1939, and the principles therein approved sustain the judgment appealed from. The reader is referred to that opinion for the facts of that case and for our declarations of the law applicable thereto and to the facts of this case.

The most that plaintiff, Coleman, could possibly contend for in this case is, that he was recommended for the involved position at the proper time by a de jure trustee as teacher in the school in common school subdistrict No. 88 in Pike County; that the recommendation was duly filed with the county board of education in proper time; that it was eventually ignored and another (Mrs. Chaney) was appointed to the place in lieu of himself. But before her selection by the county board became final and before the teaching of the school commenced, charges were preferred against him upon the investigation of which the board found them to be true on evidence, facts, and circumstances justifying that conclusion, and that he and his recommender had notice of that investigation and were present; and, finally, that the same recommender withdrew his name and recommended Mrs. Chaney, whose appointment became final and she later performed the services. In

such circumstances we see no room for the contention that the board, in rejecting Coleman and in appointing Mrs. Chaney as his successor, violated any of the former's rights.

Wherefore, the judgment is affirmed.