## Willis v. Scott, et al.

(Decided February 1, 1912.)

### Appeal from Fayette Circuit Court.

1. State Board of Control—Removal by of Asylum Superintendent—Power of Board to Remove Employe.—It was not contemplated by the Constitution that a board for charitable institutions, board of health or a similar board could be prevented from hearing and determining whether its employes should be discharged, and in an action by such an employe against a board to enjoin it from removing him, a demurrer was properly sustained to a supplemental petition alleging that the board had no power to remove him.

2. Same—Power of Legislature.—The legislature had the right to enact the statute with reference to the removal of such employes, and it could have authorized their removal without any investigation or causes shown.

STOLL & BUSH, SHELBY & SHELBY and GEORGE C. WEBB for appellant.

JOHN R. ALLEN and ALLEN & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is from a judgment of the Fayette Circuit Court in sustaining a demurrer to a "supplemental or amended petition" and dismissing it, which was filed in an action by appellant against appellees. Appellees were members of the State Board of Control for Charitable Institutions, and appellant was appointed by the Board as superintendent of the Eastern Kentucky Asylum for the insane, located in Lexington, for the term of four years, as provided in sub-section 4

of Section 217a, Kentucky Statutes. In the fall of 1911 the board called appellant to its office in Frankfort and, after some conversation, told him that they would give him twenty-four hours in which to resign, and that if he did not they would make an order upon their books removing him as such superintendent. Appellant notified them the next day by telephone, that after advising with his counsel, he would not resign, and the board then made the order removing him. Appellant then brought an action setting forth the matter stated, claiming that the board had no power to remove him under such circumstances and asked for and obtained an injunction against the board. The board confessed in court that it had exceeded its authority, and proceeded to draft a notice directed to appellant, stating the causes it had which would justify and authorize his removal, and fixing a day, twenty days hence, for him to appear and answer the causes assigned for his removal. Before the expiration of the twenty days appellant filed his ''supplemental or amended petition'' alleging that the board was biased and prejudiced against him and would not give him a fair trial, and that it had no power, under the law to try him, and that the statute referred to giving it such power and the right to remove him was unconstitutional and void, as it constituted a court of the board and the Legislature had no power to create such a court or any other court than that established by the Constitution of the State. Appellant filed some affidavits in the lower court and appellees filed an answer denying all the charges made in the ''supplemental or amended petition.'' As stated, however, the court sustained a demurrer to the petition, therefore, the affidavits and answer can not be properly considered on this appeal, as all the material allegations of the petition have to be taken as true.

Appellees' counsel cite only two cases as sustaining their position. Appellant's counsel cite several rendered by the courts of other States, but none in Kentucky. The cases cited by appellant's counsel are Pratt v. Breckinridge, 112 Ky., 1, and Todd, Mayor, v. Dunlap, 99 Ky., 449. There can be found a great deal of language in both of these opinions which seemingly has application to the questions involved in the case at bar. The first named case was one where the Board of Election Commissioners had heard the testimony and decided who was Attorney General of Kentucky, a con-

stitutional officer. This court determined that that board had no such power; that it exercised judicial functions in that matter, or attempted to exercise such functions, which was an express violation of the Constitution. In the Todd-Dunlap case the Board of Public Safety and of Public Works, executive boards of the city of Louisville, instituted an action against Todd, Mayor, alleging that he was about to wrongfully remove them from office without cause, and the sole question determined in that case was, "had the Mayor the power, with the approval of the Board of Aldermen, to remove these officials without notice before trial and without assigning any cause for his action?" And this court decided that he did not, and this is the main question in the case at bar. Both parties agree that the notice and causes given, if sustained, were sufficient to authorize a removal. Appellant does not claim in his amended petition that he was to be removed without notice and causes assigned. He was not an officer such as contemplated by the Constitution; he was simply an appointee of the board and accepted the position under the board knowing that he was subject to removal upon notice and cause assigned. Appellant claims that by sub-section 4 of Section 217a, Kentucky Statutes, the Legislature attempted to make the board a court to try all employes of the charitable institutions and establish their guilt before they could put them out of their position. It is said that the Constitution named all the courts permitted in this State and did not include this board as one of them, and that as Section 135 of the Constitution provides that, "No courts save those provided for in this Constitution shall be established," the Legislature had no right to constitute this board a court. At and before the time this Section was inserted in the Constitution, the State had all the courts we now have and in certain parts it had Common Pleas Courts, Criminal Courts, Chancery Courts and probably others, and it was to deprive the Legislature of the power to establish these that this section was inserted. There was no thought of preventing a board for charitable institutions, a board of health or the like, from hearing and determining whether its employes should be discharged. It would be unreasonable to contemplate that the framers of the Constitution intended that before the employes of such State institutions could be removed for incompetency or the like that their cases would have

to be taken to a court established by the Constitution and there tried with all the delays which ordinarily and some times necessarily attend such courts.

Appellant also claims that the board is biased against him and will not give him a fair trial, and alleges that he desires that the employes of these institutions be given a fair hearing before they are discharged. The Statute provides that they be given notice of any causes of removal and that they be given a hearing before this board, and if the employe does not like the result of such hearing, he has the right to take the whole facts before the Governor and upon a hearing before him, be reinstated. This the Legislature had a right to do, as it could have authorized their removal without any investigation or causes shown.

For these reasons the judgment of the lower court is affirmed.