## Henderson v. Commonwealth.

(Decided June 15, 1923.)

### Appeal from Ballard Circuit Court.

1. Officers—Right to Appeal from Order of Removal by County Court is Statutory.—The right of appeal from an order of the county judge removing an officer for misconduct is purely statutory, and the legislature may grant or withhold that right in its discretion.

2. Officers—Statute Prescribing Cases Appealable from County Court or Circuit Court Does Not Include Removal of Officers.—Ky. Stats., section 978, authorizing appeals to the circuit court from all judgments of the county court where the amount in controversy is over $50.00, and in all other cases allowed by law, does not authorize an appeal from an order of the county judge removing an oil inspector, since the compensation of that office is not the amount in controversy in such proceedings and the final clause, in view of the fact that the section was intended to confer the right of appeal in prescribed cases, and not to limit a general right of appeal, applies only to cases where the appeal is authorized by legislative enactment, and sections 2202-2217, authorizing the appointment of oil inspectors, contain no provision for an appeal from an order removing such inspector.

3. Judgment—Erroneous Refusal of Judge to Vacate Bench Does Not Invalidate Judgment.—The erroneous refusal of the county judge to vacate the bench on the filing of an affidavit by the officer whose removal was sought does not invalidate the judgment thereafter entered by him.

4. Officers—Have Remedy Against Corrupt or Arbitrary Removal.—
Though an officer has no right to appeal from an order of the
county judge removing him from office, he may protect his rights
by an appropriate proceeding, where the judge acted corruptly or
arbitrarily.

M. C. ANDERSON and WILLIAM HENDERSON for appellant.

CHAS. I. DAWSON, Attorney General, MARTIN T. KELLY, Assistant Attorney General, F. B. MARTIN, Commonwealth's Attorney, and ROY HOLMAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

In July, 1922, appellant was oil inspector of Ballard county, and her term under the appointment had not then expired.

On the 28th of July two citizens filed their affidavits with the county judge, charging her with misconduct in office and neglect of duty. Thereupon the county judge cited her to appear on a day in the future and show cause why she should not be removed from office. She appeared and entered various motions and filed her response denying the charges. A trial was had, evidence heard and argument made, and the county judge entered an order removing her from office and declaring a vacancy.

She thereupon executed a *supersedeas* bond and prosecuted an appeal to the Ballard circuit court, and that court upon motion of the Commonwealth dismissed her appeal, and from that order this appeal is prosecuted.

The only question necessary to determine is whether there is a right of appeal to the circuit court from such action of the county court in removing an oil inspector.

The right of appeal in such matters is purely statutory; the legislature may grant or withhold that right in its discretion. Therefore if there is no statute granting the right of appeal from the county court to the circuit court, the action of the circuit court was proper and must be upheld.

The statute authorizing the inspection of oils, and the appointment of oil inspectors in the several counties, and directing the manner of testing such oils is article 3 of chapter 71 of Carroll's 1922 Kentucky Statutes, and is embraced in sections 2202 to 2217, inclusive. In section 2204 the judge of each county is authorized to appoint an oil inspector, and it provides: "The inspector shall re-

main in office for four years, unless removed by the court for misconduct, negligence or incompetency.'' But nowhere in the act is there any provision for an appeal from such action of the county court.

But it is earnestly insisted that under the provisions of section 978 of the Kentucky Statutes, and the concluding clause thereof, the right of appeal is granted from the county to the circuit court. That section, insofar as it applies to appeals from the county to the circuit court, provides:

''Appeals may be taken to the circuit court   .   .   . from all judgments of the county court where the amount in controversy is over fifty dollars, exclusive of interest and cost; and from all judgments and orders of said court in cases of bastardy, or in the settlement of the accounts of personal representatives, assignees, guardians, trustees, curators and other fiduciaries, and from orders granting, revoking or refusing letters testamentary or of administration, or appointing or refusing to appoint, or removing curators, guardians, trustees or committees of estates, or granting or refusing to grant druggist, tavern or liquor license, and from judgments in proceedings to condemn land for any purpose, and in all other cases allowed by law.''

The argument for appellant is that inasmuch as the right to an office is involved under the quoted section the right to appeal from the order of the county court follows, and reliance is had upon some cases of this court upholding the right of appeal from the circuit court to this court where the right to an office was involved, although the direct amount of money involved did not give the jurisdiction. It is clear, however, those cases are not in point, for the provisions of the section (950) providing for appeals from the circuit court, to this court, after providing that such appeals may be prosecuted as a matter of right in certain classes of cases, and then providing that in certain other cases no appeal shall lie, says: ''In all other civil cases the Court of Appeals shall have appellate jurisdiction over the final orders and judgments of the circuit courts,'' thereby showing that in such appeals from the circuit courts to this court only those expressly excluded are denied the right. While in section 978, dealing with the right of appeal from subordinate courts to the circuit court, the classes of cases in which the right of appeal is granted are expressly named and pointed out in

the statute, and it then says, "In all other cases allowed by law."

In other words, section 978 appears to grant the right of appeal from the county to the circuit court only in the cases specifically named, and the concluding clause therein only means that in such other matters the right of appeal shall not exist unless allowed by law—that is, by express legislative enactment.

In the case of Renshaw v. Cook, 129 Ky. 347, the office of sheriff had been declared vacant because of his failure to execute in the manner and within the time prescribed by statute certain bonds; the sheriff undertook to appeal to the circuit court from that order of the county court, and this court held that under section 978 there was no right of appeal, and that the amount in controversy referred to in the statute applied only to judgments for money.

The case of Reese v. Hickman County, 187 Ky. 641, was where a county judge acting under statutory authority removed a county road engineer, and the latter prosecuted an appeal to the circuit court, and that court dismissed the appeal. This court, while not referring to section 978, approved that action of the circuit court, and said:

"Neither the statute quoted, nor any other statute, provides for an appeal from an order of the county judge removing a county road engineer. It follows that the circuit court did not err in dismissing the appeal."

The case of Stanley v. Fiscal Court, 189 Ky. 390 was where the fiscal court acting under statutory authority removed a county treasurer from office. The treasurer prosecuted an appeal to the circuit court and that court dismissed the same. This court in affirming that judgment, and evidently in response to the argument that the right to an office was involved, said:

"It must be remembered that this is not a contest between rival claimants for office, nor does the case involve the right to compensation already earned. The thing directly involved is the right to hold office. The court does not pass upon the question of value. The right to future compensation is not directly, but only indirectly, involved. Independently of the order of removal, the incumbent might never be entitled to any compensation. It seems to us, therefore, that future compensation, which may never be earned, and which is not,

therefore, necessarily involved in the order of removal, cannot be regarded as the value in controversy."

In the case of Gilman v. Doak, 194 Ky. 21, Gilman, an oil inspector, sought by an original proceeding in this court to prohibit the county judge from removing him. This court, in distinguishing that case from the case of Rush v. Denhardt, 138 Ky. 238, said:

"There property rights were involved of which the petitioners would have been deprived—temporarily at least—had respondent been permitted to preside at the trial and carry out his avowed intention. The office of oil inspector is not a constitutional office. No property rights therein appertain to the petitioner."

An analysis of these several opinions of this court, dealing with the question of the right of appeal from the order of a subordinate court acting under statutory authority in removing such officials, has never held section 978 broad enough to confer the right of appeal from such orders or judgments. Willis v. Scott, 146 Ky. 547.

If it be conceded that the action of the county judge in refusing to vacate the bench when appellant's affidavit was filed, was erroneous, still it did not invalidate the judgment of removal thereafter entered by him. He was at the time judge of the court upon which the statute conferred the authority to act in such matters, and he had the right to hear and decide the sufficiency of the affidavit, and in doing so he acted judicially.

Nor was appellant without remedy; for, as said in the Stanley case, "He may protect his rights by an appropriate proceeding where the fiscal court acts corruptly or arbitrarily."

There being no appeal authorized by law, the action of the circuit court was proper. Judgment affirmed.