## Howard v. Bell County Board of Education.

(Decided Jan. 27, 1933.)

GOLDEN, GILBERT & GOLDEN and MARTIN T. KELLY for appellant.

N. R. PATTERSON and J. H. TAYLOR for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

In April, 1930, Jakie Howard was, by the Bell County Board of Education, elected county school superintendent of Bell county for the term beginning July 1, 1930, and ending June 30, 1934. On February 12, 1932, that board of education preferred charges against Mr. Howard, and, after a hearing thereof, the board removed him from office, whereupon Mr. Howard on April 4, 1932, began this action in equity to enjoin the board from carrying out its order and asking to have his position restored to him. His petition was dismissed, and he has appealed.

The power of a county board of education to remove a county superintendent is conferred by this provision of section 4399a-7, Ky. Stats.:

"For incompetency, neglect of duty, or immoral conduct, the county board of education may suspend or remove from office the county superintendent."

If a county board of education does not abuse its discretion, by acting arbitrarily, corruptly, capriciously, or upon insufficient charges, and its findings are based upon competent and relevant evidence, its acts are final and not subject to review by the courts. The courts do not retry such a case as this, but will examine the record to ascertain if the board of education abused its discretion in any of the above particulars.

Ten grounds for the removal of Mr. Howard were elaborately stated. One of these was an elaborate charge that he had failed to comply with section 4404a,

Ky. Stats., by failing to make official visits to each subdistrict school in the county and omitting to do the other things that statute makes it his mandatory duty to do. Formerly we had provisions for the inspection of illuminating oils. Sections 2202 to 2217, inclusive, Ky. Stats. It was provided by section 2204, Ky. Stats., that:

> "The inspector shall remain in office for four years, unless removed by the court for misconduct, negligence or incompetency."

Two cases resulting from the attempt of a county judge to remove an oil inspector reached this court. The right of removal is well discussed in those cases.

In the first one, Henderson v. Com., 199 Ky. 798, 251 S. W. 988, it was held:

> "The erroneous refusal of the county judge to vacate the bench on the filing of an affidavit by the officer whose removal was sought does not invalidate the judgment thereafter by him entered."

In the second case, Henderson, Oil Inspector, v. Lane, 202 Ky. 610, 260 S. W. 361, it was held:

> "Though as a general rule courts of equity do not try title to an office, there are instances where they will interfere to protect incumbent in enjoyment of his office by enjoining his removal or ordering his reinstatement after he has been unlawfully removed.

> "Where an officer holds for a fixed term and is removable only for cause, it is essential to a valid removal that the charges be legally sufficient, that the incumbent have notice thereof and an opportunity to defend, and that there be some evidence tending to support the charges. * * *

> "By evidence is meant something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter not carrying the quality of proof or having fitness to induce conviction."

The application of those principles to the questions before us is conclusive of them.

There was evidence here that Mr. Howard had failed to comply with section 4404a, Ky. Stats. His own testimony shows such failure, he had notice of the hearing, and an opportunity to defend, but he established no defense. He claims he was so busy with other

activities in the advancement of the public school interests he had no time to comply with section 4404a, but that excuse, if allowed, would enable a county superintendent to substitute his ideas of what he should do for the mandates of the law. The substitution of individual will for the people's law can never be tolerated.

The judgment is affirmed.