## Starns v. Board of Education of Bourbon County.

Dec. 8, 1939.

C. C. Adams for appellant.

Bradley & Blanton for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

On April 4, 1938, appellant was appointed Superintendent of Bourbon County schools for four years, his service to begin on July 1, 1938. At the time of his appointment the Board was composed of five members, one of whom was C. S. Holbrook. Between the date of his appointment and the first meeting of the Board in July, when appellant assumed his duties, Holbrook resigned as Board member and appellant, at that meeting, recommended him as county attendance officer.

When Holbrook's name was presented two members voted to approve, the other two members disapproved, hence there was no appointment. Shortly thereafter, on July 8, 1938, Holbrook filed suit against the Board seeking to compel them to approve the recommendation of appellant and to appoint him. In the meantime, and on October 3, 1938, the Board appointed William Thomas as attendance officer, this appointment admittedly being made without recommendation by the superintendent. Holbrook filed another suit, in which he alleged the facts as stated, and in which he asked that Thomas be enjoined from further serving, and that he be appointed under the recommendation by the superintendent.

To both of these suits special demurrer was inter-

posed, the ground being that Section 4399-34, Kentucky Statutes, specifically provided that when a recommendation is made by the superintendent for appointment of "school employes," and the Board fails to agree, "such board of education may appeal to the State Board of Education to review the case and the decision of the State Board * * * shall be final."

Apparently the two actions were consolidated and the court on December 2, 1938, sustained the special demurrers and Holbrook declining to plead further, his actions were dismissed. We fail to find that any appeal was taken from the ruling in either action. All the facts and circumstances are specifically and voluminously plead in the instant case.

In his petition filed on March 23, 1939, and in amendments later filed, appellant alleged the foregoing facts, and recited that at a called meeting of the Board on March 22, 1939, a majority of the Board directed that there be and there was spread on the minute book the charges, among which was the following:

(4) The superintendent signed and sent to the State Board of Education a contract for said Holbrook as attendance officer, when he had not been elected by this Board.

As said, this resolution was by order spread on the minutes, and a copy served upon the superintendent. Appellant admits service, but complains because the charges, as appearing, and the copy delivered to him, were not signed, sworn to or verified in any way. In disposing of this contention, we refer to a portion of Section 4399-34, Kentucky Statutes, which as we read it, makes no such requirement:

"A superintendent of schools may be removed by a vote of four members of a board of education for cause; provided that written notice setting out the charges for removal must·be spread on the minutes of the board and given the superintendent fifteen days before action is taken on his removal."

Resuming the pleadings: It is then set out that the hearing was set for March 16, 1939, at 7 p. m., and he presented himself and demanded a hearing, but the Board adjourned the meeting until March 21, at 9:30 a. m., when appellant again appeared. His first move was to file a special demurrer to the charge, it being

based on the ground the County Board of Education had, before the institution of the charges against him, and on October 28, 1938, and under a part of Section 4399-34, Kentucky Statutes, certified to and filed with the State Board of Education the "dispute arising out of the fact that the County Board has thus far failed to and cannot agree upon the election of an attendance officer for the year 1938-39, the dispute arising out of the fact that the Superintendent has nominated Holbrook, and the Board has failed and refused to elect him, and the Superintendent refuses to withdraw said nomination and nominate any one else for the office, * * * and the Superintendent is directed to certify further that the Bourbon County Board, under the terms of Section 4399-34, Kentucky Statutes, appeals to the State Board to review this cause and this controversy and determine it." The substance of the section of the statute referred is quoted above.

Again, going to the pleading, it is shown that the Board overruled the special demurrer, whereupon appellant moved to make the charges more specific, to strike, and filed a general demurrer to each of the charges, then an answer. The special demurrer, based as aforesaid, was followed by the plea that the action pending before the Board was a bar to the hearing by the circuit court. The pleas above mentioned, save the special demurrer, were not passed on by the Board, insofar as the record shows.

The Board then proceeded to a hearing, and after proof, chiefly, if not altogether, from the four Board members voting for removal, and the office records and other documents unrecorded and appellant's proof, entered an order removing appellant, and declaring his office vacant.

All of the above matters are set out in lengthy detail in appellant's petition, in which he specifically alleges that the action of the Board was arbitrary and unreasonable; that the charges were not sustained by the evidence; that the charges were trivial, and that he had not been guilty of any of the acts set out in the specifications.

Appellant then set up in a satisfactory form such grounds as would entitle him to injunctive relief, and asked the court to grant such relief by directing a re-

scinding of the order, and his restoration to the position of Superintendent.

Before any pleading, dilatory or otherwise, was filed by defendants, appellant (on April 22nd) filed an amended petition, as he says, to conform to the facts and later other amendments which had the effect of getting records before the court, which we conceive had little to do with the real question at issue.

On May 4, 1939, appellant moved the court for a "submission of the cause, and for a judgment in accordance with the prayers of his petition." Later, the court filed written opinion in which it was said:

"It appears to the court that two questions must be decided in order to dispose of this appeal. The first question is whether the charges, or any of them, constitute a legal cause for the removal of the superintendent. The second question is, if there is a legal cause in the charges made, or any of them, was the proof in the record sufficient to support the charge or charges?

"There were seven charges filed against the superintendent. For the purpose of this review, it is only necessary to consider the most serious charge made, number four in the list of charges. This court believes that charge 4 contains a legal charge, and, of course, if supported by proof, was a lawful reason for the action taken by the county board.

"When the proof was taken, the superintendent testified that he had certified, or at least stated in writing that the Board had elected Holbrook attendance officer, and the superintendent signed such communication as secretary of the Board. At that time the Board had not only failed to elect Holbrook, * * * but had refused to do so, and the matter was then pending in this court through action by Holbrook, involving his nomination by the superintendent.

"By this action the superintendent took into his own hands the matter then pending before this court, as well as the undoubted rights and functions of the county board. He took this without notifying this court, or the county board, and concealed from the Board the action he had taken * * *.

"In doing this he acted not only without authority of law, but from a moral standpoint, actually concealed from the court and county board the certification of Mr. Holbrook, which involved a breach of good faith and fair dealing with his superior officers; that it constituted a grave menace, not only to the authority of the Board, but also to the lawful and orderly administration of the schools of Bourbon County.

"When carefully read and analyzed, the explanation of the superintendent for making the certification to the State Board, and his concealment of such actions from the County Board, does not, in the least degree, justify such actions on his part."

On the same day appellant moved the court to reconsider "the defendant's demurrer to plaintiff's petition as amended, and upon reconsideration to set aside its order sustaining said demurrer, and to enter an order overruling such demurrer. The court ordered the tendered amendment filed, but did not pass on the motion in respect to the demurrers, and we find no order in the record, either sustaining or overruling the defendant's demurrer.

Judgment was entered in conformity with the expressions of the court's opinion, supra. In this the court wrote:

(1) That charge No. 4 was legal and supported by the proof.

(2) The jurisdiction of this court is limited to the question as to whether or not the action of the Board was within its discretion, and the court being of the opinion that it is, the relief sought by plaintiff is denied and the petition, seeking appeal from the county Board's finding is denied and petition dismissed. From this judgment appeal is prosecuted.

The proof (and it consists of about 400 pages of typed matter) heard by the court was that taken on the hearing before the county Board, upon the hearing of charges.

In order to reach correctly a conclusion of the highly controversial question presented, particularly in dealing with charge No. 4, upon which the lower court based his conclusions, it may be necessary to repeat some of

the allegations of the various pleadings, and to go into detail with respect to record facts.

As dates of various events and circumstances may be important, we will begin with the date of appointment of appellant as superintendent. This was April 4, 1938. He assumed his position on July 1, the same year. Prior to the time appellant was appointed, Holbrook, then a Board member, had suggested that there was some dissention in the Board as to the appointment of superintendent, and appellant approached the members of the Board and was later selected. At this time Holbrook was a Board member, and apparently joined in his selection, and served on the Board until June 30, 1938, at which time, and at a meeting of the Board he resigned. On July 1, appellant recommended Holbrook as attendance officer. At this same meeting, two members of the Board refused to approve the recommendation of the superintendent, for several reasons. One voted against because it appears applicant Holbrook was personally obnoxious. He had been principal of county schools, and was discharged because "he kept the community in such an uproar we had to discharge him. He used vile and insulting language toward a Board member." He had (in the estimation of a witness) "been trying to get control of the schools ever since; had been active in school elections, trying to get rid of some members of the Board." In short, the Board did not think the recommendee a proper person to fill the position of attendance officer; however, we need not go into detail since, as we observe the matter before us, the whole question may be determined upon consideration of the sole ground (No. 4) which the lower court found sufficient in legal effect, and supported by the evidence.

It is clear from the evidence that though attempts were made, the superintendent refused to recommend any other person for Holbrook's position, after the Board had turned it down. It is admitted by appellant that he signed as secretary of the Board the following contract, which was also signed by the chairman of the Board:

"Commonwealth of Kentucky         Paris, Kentucky
"County of Bourbon         September 7, 1938

"This article of agreement made and entered into this 7th day of Sept. 1938. Witnesseth: That

Cam S. Holbrook · * * * holding a proper certificate in scholarship, administration and supervision, as provided by law, and as recorded below, hereby contracts with the Bourbon County Board of Education * * * to act as attendance officer * * * for a term until an appointment is approved by the Bourbon County Board * * * to bring up to date all records and work from July 1, 1938, in accordance with the common school laws, and rules and regulations prescribed in pursuance thereof by the State Board * * *

"It is agreed that Cam S. Holbrook is to receive an annual salary of $1500 to be paid in regular monthly installments out of the * * * school fund. It is further agreed that he is to devote his time to the discharge of his duties as set out by law, rules and regulations * * * and the failure to do so will invalidate this contract.

"County Board of Education
"Earl Plummer, Chairman
"D. H. Starns, Secretary

"Cam S. Holbrook
"Attendance officer."

As noted, this contract was signed September 7, 1938; at that time Holbrook was in court with a suit against the Board to require it to follow the recommendation of the Superintendent; another later challenged the appointment of Thomas as attendance officer.

It appears from the record and testimony that this contract was never filed with nor communicated to the Board, nor was it spread on the minutes. In fact members of the Board testifying said they knew nothing about this contract until some of them found it on file in the State Board's office in Frankfort. The superintendent himself testifies that he did not report the contract to the Board at all, and knew there were no minutes of the Board showing the action of Plummer and himself in certifying the appointment of Holbrook.

Mr. Plummer, in testifying, says that the contract was made under an order that "stood on the minute books," and which will be referred to later. Mr. Plummer was in Weston, Ohio, at the time he signed the contract; it was sent to him, and he signed it and mailed it back to the Superintendent. He did not recall whether he had ever mentioned the fact of signing such a con-

tract to the Board; he signed it and sent it back to Mr. Starns, and says, "That ended it as far as I knew about it."

It is apparent from the record that this contract of September 7, was made at a time when the suit of Holbrook was pending, and shortly before the Superintendent, as secretary of the Board, had certified to the State Board of Education the fact of disagreement between himself and the Board, which fact he insists took from the courts the determination of the controversy as to the appointment of an attendance officer.

Stated briefly, appellant knew that at the time of making the contract his recommendation had been rejected; also that the Board was defending Holbrook's first suit in the courts. He had good reasons to believe, as we read the record, that the Board, as such, would adhere to its refusal to have Holbrook as attendance officer. In one part of his testimony he gave as his reason for not making another recommendation, the pendency of the law suit. Again he says as to his failure to give information as to the contract, he saw no reason for doing so, "because it is not the policy; that is not the practice, as far as I have any information; that when the Board makes a rule or regulation or adopts a policy, that every time any action is taken the member carrying out the policy must come back and report to the Board again that the policies of the Board are being acted upon and carried out." In making this statement appellant, perhaps, overlooked the fact that it was the Board's recently recorded policy that it did not desire the services of Holbrook as its attendance officer.

If it were not for certain record facts, with relation to the manner of making the contract, and the attempted appointment of Holbrook in the manner indicated, there would be some justification for appellant's part therein.

The record does show that at a meeting of June 30, 1938, the meeting before Holbrook's resignation he introduced a resolution to the effect that upon the recommendation by the Superintendent, of any employe of the Board where the Superintendent had the legal right to recommend, "to fill a position that becomes vacant or open within a time between regular meeting of the Board, then the chairman of the Board could make the appointment."

Nothing was done under this resolution until Sep-

tember 3, when the chairman, who was then in Weston, Ohio, at the suggestion of appellant, wrote to appellant that he had appointed Holbrook attendance officer, the appointment being effective until another appointment be approved by the Board. This letter was not spread on the records. As said above, the chairman still being in Ohio later signed the contract.

It is not necessary for us, nor are we called upon to pass on the question as to the legality of this attempted delegation of power, since, so far as this case is concerned, appellant says he knew the method adopted was not legal. Neither are we inclined to discuss the question as to whether this was merely a pro term appointment. We are inclined to the view that the resolution did not have any application to the appointment of attendance officer. But whether this be true or not, the gravity of the matter is in the fact that the appointment was of one whose recommendation was rejected, a fact well-known to appellant. The chairman says there were two subsequent meetings of the Board, but he was absent and made no report of appointment of contract.

It would carry this opinion to much too great a length if we undertook to go further into detailing proof; likewise to answer many of the arguments advanced by appellant's counsel, as to why this court should reverse the finding of the chancellor. We may say, that in the consideration of this case we are not concerned, or to be concerned, with any misunderstanding between the Board and Holbrook; nor as to reasons why his application was not approved. Neither are we concerned with the matter of the appeal, said to be still pending before the State Board, nor its effect, if so pending. Nor are we now called upon to construe the section of the statute, supra, in respect of disagreements between the Board and the Superintendent.

None of these matters has anything to do with the sole question we are called upon to decide, as to whether the charge was a sufficient charge and whether or not the Board, in its action of removal, acted without reasonable discretion, or, stated otherwise, arbitrarily or capriciously. This rule is well established and may be found to be as above stated by reference to Meade County Board of Education v. Powell, 254 Ky. 352, 71 S. W. (2d) 638; Hunter v. Board of Education, 265 Ky. 162, 96 S. W. (2d) 265; Howard v. Bell County Board of Education, 247 Ky. 586, 57 S. W. (2d) 466.

In these cases will be found not only the rule limiting this court to the consideration of the questions above stated, but there may be found guides as to what constitutes sufficient charges, and the nature and quality of the evidence necessary to support the charge and we are compelled to say that the chancellor correctly decided that that charge was sufficient, and was sufficiently established, mainly by documentary evidence and the admissions of appellant.

Judgment affirmed.