CASE 75—PETITION FOR WRIT OF PROHIBITION—JUNE 16.

# Gibbs v. Board of Aldermen of the City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. MUNICIPAL OFFICERS—RIGHT OF BOARD OF ALDERMEN SITTING AS A COURT TO REMOVE—JURISDICTION.—Section 2781 of Kentucky

Gibbs v. Board of Aldermen of the City of Louisville.

Statutes provides that executive and ministerial officers in cities, unless otherwise provided, shall be removable by the board of aldermen sitting as a court, on charges preferred; and the jurisdiction therein conferred to try such officers is not taken from it as to park commissioners, by the provisions of section 2847, that if any member of the board of park commissioners commits a felony he shall immediately cease to be a member of the board.

2. CONSTITUTIONAL LAW.—The power to remove municpal officers, which is granted the board of aldermen in cities of the first class by section 2781, of the Kentucky Statutes, "sitting as a court, upon charges preferred," is not strictly judicial, and the fact that it is called a court does not make the entire act unconstitutional because violative of the provisions of section 109 of the Constitution; and while the board of aldermen may be termed, while acting in that capacity, in one sense, a court, it is an organized municipal body with power to remove city officials, which the legislature is authorized to create under the provisions of section 160 of the Constitution.

HARGIS & TURNER FOR APPELLANT.

1. The appellant can not be removed from his office under the general charge that he was guilty of offenses, infamous in their nature; the words "upon charges preferred by the mayor," must mean charges of *official* misconduct. (Com. v. Williams, 79 Ky., 47; Com. v. Barry, Hard., 238; Com. v. Chambers, 1 J. J. M., 160; Tompert v. Lithgow, 1 Bush, 180.)

2. The board of aldermen has no power under the provisons of section 2781 to remove a park commissioner, as the manner of and cause for removal of park commissioners is "otherwise provided for" in section 2847.

3. The attempt upon the part of the legislature to create a court out of the board of aldermen is directly in conflict with the provisions of section 109 of the Constitution, which provides that "the judicial power of the Commonwealth, both as to matters of law and equity, shall be vested in a senate sitting as a court of impeachment, and one supreme court (to be styled the Court of Appeals), and the courts established by this Constitution." (Constitution of Kentucky, sec. 109.)

4. The provision of section 160 of the Constitution that "the General Assembly shall prescribe the manner in which they (municipal officers) may be removed from office," means that the form of the proceeding, either by impeachment, information, indictment, address, or arrest by warrant, shall be prescribc⸱ ⸱ ⸱ the legis-

lature; and does not confer upon it the power to create a court. (Constitution of Kentucky, sec. 160.)

F. HAGAN of counsel on same side.

H. S. BARKER and KOHN & BAIRD for appellees

1. The board of aldermen of the city of Louisville, sitting as a court, is neither an *inferior* court nor a court of *limited jurisdiction* within the meaning of section 479 of the Civil Code, and, therefore, no writ of prohibition can issue against it. Such court as to the questions submitted to it, is of original, exclusive and general jurisdiction, and not inferior to any power or court in this State. (Jacob's adm'r v. L. & N. R., 10 Bush.)

2. Such a body, while called a court and while exercising judicial functions in that it decides causes, its functions are purely administrative and political, and not judical in the sense that it is, within the jurisdiction of that co-ordinate branch of the government or encroaches upon its powers. (Spelling on Extraordinary Relief, vol. 2, secs 1722, 1727 and 1744; People v. Lake County Court, 6 Col., 534; Mealing v. City Council, Dudley (Ga), 221; Donahue v. County, 100 Ill., 09.)

3. Section 109 of the Constitution when read and construed along with all the other sections of that instrument relative to the judicial department of the government, shows that the department thus established and the courts mentioned therein, other than which none can be established by the legislature, refers exclusively to the administration of property rights and the rights to life and liberty upon principles of law and equity; and does not refer to *quasi* judicial bodies, or to legislative bodies, whether called courts or not, established for the purpose of hearing evidence and deciding questions belonging exclusively to the political and administrative department of the government.

4. At common law, and independent of any statute, the council of the city government has a right to remove any city officer for cause; any corporation has the inherent right to remove an officer for cause, and the removal may be for any act that tends to destroy the corporation or interferes with its good government. (Dillon on Municipal Corporations, secs. 242, 251; State v. Chamber of Commerce, 20 Wis., 63; Willard's Appeal, 4 R. I.; State v. Council of Watertown, 9 Wis., 258; Evans v. Philadelphia Club, 50 Pa. St., 125; People v. Medical Society, 24 Barbour, 578; Com. v. St. Patrick's Society, 2 Binn. (Pa.), 448.) And the offense of bribery is one for which a city officer may be removed without previous in-

dictment. (Rex. v. Carlyle, Fortescue, 200; S. C. Mod., 379; Dillon,
vol. 1, p. 335.)

5. Section 2781 providing for the removal of city officials by the
   board of aldermen on charges preferred, and the provisions of
   section 2847 that if any member of the board of park commis-
   sioners commits a felony, he shall cease to be a member of the
   board, in no sense conflict, but provide for wholly distinct and
   separate matters. Section 2847 is self-executing and requires the
   exercise of no judicial functions for its determination, while un-
   der the provisions of the other section there must be charges
   preferred, a court organized, a trial had, and judgment entered.

6. Even if section 2781 is void, as the board of aldermen had juris-
   diction to try appellant independent of the statute, it had the ju-
   risdiction to try the question as to whether or not that section was
   void, and whatever decision it may have rendered on that ques-
   tion was not void but only erroneous, and, therefore, the writ of
   prohibition will not lie. (Arnold v. Shield, 5 Dana, 20.)

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This case involves a question of jurisdiction only. The
appellant, Gibbs, was a member of the board of park com-
missioners, and, for causes alleged, was cited to appear be-
fore the board of aldermen upon a proceeding to remove
him from office. The jurisdiction to remove the appellant
is found in section 2781 of the Kentucky Statutes, and is as
follows: "Executive and ministerial officers, unless other-
wise provided in this act, shall be removable by the board of
aldermen sitting as a court, under oath or affirmation, upon
charges preferred by the mayor or any two members of the
board of councilmen," etc.

It is claimed that the manner of removing such an
official has been otherwise provided for under section 2847
of an act for the government of cities of the first class. That
section reads: "If any member of said board (park commis-
sioners) cease to be a *bona fide* resident or housekeeper of the
city, or incur any of the disqualifications mentioned herein,

or become incapacitated to perform any of the duties of commissioner, or be found guilty of any felony or high misdemeanor, he shall immediately cease to be a member of said board." And that, by the provisions of this section, the board of aldermen are in effect prohibited from removing the appellant by impeachment, and that, if such jurisdiction is attempted to be given, that no such power exists, as is shown by the change made in the present Constitution on this subject. The Constitution of 1849 provided: "The judicial power of this Commonwealth shall be vested, both as to matters of law and equity, in one supreme court (to be styled Court of Appeals), the courts established by this Constitution, and such courts inferior to the supreme court as the General Assembly may, from time to time, establish." The present Constitution provides:"The judicial power of the Commonwealth, both as to matters of law and equity, shall be vested in the Senate, when sitting as a court of impeachment, and one supreme court (to be styled the Court of Appeals), and the courts established by this Constitution."

So it is contended that the new or present Constitution created all the courts necessary for the purposes of State government and withheld from the legislature the power to create courts, as was authorized by the Constitution of 1849. Section 160 of the present Constitution left with the legislature the right of determining the manner in and the cause for which city officials may be removed; and, while the board of aldermen may be termed, in one sense, a court, it is an organized municipal body, with the power to remove city officials, and is not a court of impeachment, nor was it ever contemplated by the framers of the Constitution that city officers could be removed by impeachment proceedings before the State Senate. Angell & Ames on Corporations, sec-

tion 110, say:  "That the power of *amotion* is incident to
every corporation."    Mr. Dillon, in his work on Municipal
Corporations, says:    "The power to remove a corporate offi-
cer from his office, for reasonable and just cause, is one of the
common-law incidents to every corporation."  And the fram-
ers of the Constitution, recognizing the common-law rule
on the subject, by an express constitutional provision, gave
the power to the legislature to provide the manner and the
causes for which officials of municipal governments may
be removed.    This power to remove is not strictly judicial,
and was not so regarded at common law; and the fact that
the board of aldermen is called a court does not make the
entire act unconstitutional.

We have recently held, in the case of Todd, mayor, v. The
Boards   of   Public   Works   and   Safety,   that   where
no causes of removal have been designated, the common-
law rule supplies the defect, and if the causes are assigned
as to the removal of a park commissioner, there is no other
mode of proceeding pointed out than the section of the stat-
ute giving to the board of aldermen the power to determine
such questions.    This is the only tribunal provided by the
charter, and that the board has the jurisdiction to remove
the official for misfeasance or malfeasance in office as well
as for causes that unfit him for the place is, we think, un-
questioned.    (Hinkle v. City of Louisville.)

This case has been heretofore in this court on questions
bearing on this issue now presented.    The case will be found
reported in 96 Ky., 407.    And the court held the party
could not be indicted and punished for perjury because the
committee, as constituted, making the investigation was not
authorized to administer an oath; but this did not affect the

jurisdiction of the board to try the appellant for the offenses charged.

We have nothing to do in the case before us as to the guilt or innocence of the appellant. As before stated, the only question is as to the jurisdiction of the board of aldermen to try the appellant.

It is not necessary to determine whether there should be a conviction by a court of competent jurisdiction, under an indictment for bribery or perjury, which of itself would render the office vacant, before the board could act. Other charges are made of an indefinite character that may affect the discharge of his duties as an official, or, if not, render him unfit for the place. But, as before stated, we are not investigating such questions, but only the one of jurisdiction.

The judgment·is, therefore, affirmed.