## Reese v. Hickman County.

(Decided April 16, 1920.)

## Appeal from Hickman Circuit Court.

1.  Appeal and Error—Road Engineer—Removal—Right of Appeal.—
    The right of appeal is not an inherent right, but a matter of grace
    to be granted or withheld by the legislature in the exercise of
    its discretion; and since neither the statute regulating the re-
    moval of a county road engineer by the county judge, nor any other
    statute, provides for an appeal from the order of removal, an ap-
    peal does not lie.

2.  Officers—Public Officers—County Road Engineer—Removal by
    County Judge—When Courts Will Not Interfere—Statutes.—Section
    4326, Kentucky Statutes, provides that the county road engineer
    may be removed at any time by the county judge of the county
    upon his own volition for incompetency, malfeasance or misfeas-
    ance in office upon written charges after a hearing, of which ten
    days' notice should be given in writing, and that the county judge,
    by and with the consent and approval of the fiscal court, shall with-
    in ten days after such removal appoint a county road engineer to
    fill the vacancy caused by such removal, and further that "the per-
    son so appointed shall hold office for the unexpired term or until
    a judgment or a final order of a court of competent jurisdiction de-
    termining that the original county road engineer was wrong-
    fully and illegally removed, and directing his reinstatement, be ren-
    dered:" Held, that the statute gives to the county judge the un-
    doubted power to remove the road engineer when the county judge
    acts in good faith and proceeds in accordance with the statute,
    and that the courts will not interfere with his action unless it is
    made to appear that he acted corruptly, or that the charges were
    frivolous and legally insufficient, or that the incumbent was re-
    moved without notice or hearing, or that there was no evidence
    whatever to support the charges, and that the hearing of the evi-
    dence was not waived.

3.  Pleading—Roads—County Road Engineer—Removal—Action for
    Reinstatement—Petition—Sufficiency.—An allegation in a peti-
    tion filed by the county road engineer, asking for his reinstatement
    in office, that he had been "unlawfully and wrongfully removed
    from office," was a legal conclusion and therefore insufficient, and
    the same is true of the allegaton that the "county judge had no
    evidence and no authority and no cause to remove" the plaintiff,
    where copies of the proceedings before the county judge, which
    were filed and made a part of the petition, showed that the
    written charges were clearly sufficient, that the incumbent was
    removed after notice and hearing, and that there was evidence
    tending to sustain the charges.

J. D. VIA for appellant.

L. L. HINDMAN for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

In the month of May, 1919, the county judge of Hickman county filed written charges of incompetency, malfeasance and misfeasance in office against W. N. Reese, the county road engineer, and notified him to appear in the Hickman county courthouse on May 14, 1919, and answer the charges and show cause why he should not be removed from office. Reese appeared on the day set and filed a response to the charges. After hearing the evidence, the county judge held that the charges were sustained, and entered an order removing Reese from office. Written notice of the removal was then mailed to Reese. Thereupon, Reese took an appeal to the Hickman circuit court. Pending the appeal he filed a petition in the Hickman circuit court, setting forth his appointment and removal, and charging that he had been unlawfully and wrongfully removed from office, and that the county judge had no evidence and no authority and no cause to remove him from office, and praying that he be restored to his office and permitted to draw the salary. He filed as exhibits copies of the charges, his response thereto, and of the order and notice of removal.

The appeal from the order of removal was dismissed, and the county's demurrer to the petition seeking the plaintiff's reinstatement as road engineer was sustained and the petition dismissed. Plaintiff appeals.

Section 4326, Kntucky Statutes, is as follows:

"The county road engineer may be removed at any time by the county judge of the county upon his own volition for incompetency, malfeasance or misfeasance in office upon written charges after a hearing of which ten days' notice shall be given by serving a copy of such charges upon such county road engineer. Such hearing shall be heard at the courthouse, in the county seat. If upon such hearing it appears that such charges are sustained the county judge of the county shall remove such county road engineer and forthwith serve notice thereof by mail on the county road engineer. Such notice shall state specifically the grounds for such removal. The record of the proceedings upon such hearing shall be filed in the office of the county clerk. The county judge of the county, by and with the consent and approval of the fiscal court thereof, shall within ten days after such removal appoint a county road engineer to fill the vacancy caused

by such removal. The person so appointed shall hold office for the unexpired term or until a judgment or a final order of a court of competent jurisdiction determining that the original county road engineer was wrongfully and illegally removed, and directing his reinstatement, be rendered."

It is the settled law of this state, that the right of appeal is not an inherent right, but a matter of grace to be granted or withheld by the legislature in the exercise of its discretion. Carey v. Sampson, 150 Ky. 460, 150 S. W. 531. Neither the statute quoted, nor any other statute, provides for an appeal from an order of the county judge removing the county road engineer. It follows that the circuit court did not err in dismissing the appeal.

While the statute does not provide for an appeal, some effect must be given to the following language: "The person so appointed shall hold office for the unexpired term or until a judgment or a final order of a court of competent jurisdiction determining that the original county road engineer was wrongfully and illegally removed, and directing his reinstatement, be rendered." In our opinion the purpose of this provision was to guard against corrupt or arbitrary action on the part of the county judge, and to give to the courts the right to reinstate a road engineer, where it appears that his removal was the result of such action. Construing the statute as a whole, it is apparent that it gives to the county judge the undoubted power to remove the road engineer, where the county judge acts in good faith and proceeds in accordance with the statute. Hence, if the charges are sufficient, and the incumbent is given due notice thereof and an opportunity to be heard and there is some evidence tending to support the charges, or the hearing of evidence is waived, the courts will not interfere. On the other hand, if it is made to appear that the county judge acted corruptly, or that the charges were frivolous and legally insufficient, or that the incumbent was removed without notice or hearing, or that there was no evidence whatever to support the charges, and that the hearing of the evidence was not waived, the courts will interfere and direct the reinstatement of the incumbent. However, a petition for that purpose must allege facts and not legal conclusions. As before stated, plaintiff filed and made a part of his petition copies of

the proceedings before the county judge. The allegation that plaintiff "was unlawfully and wrongfully removed from office" is but a legal conclusion, and the same is true of the allegation that the "county judge had no evidence and no authority and no cause to remove" the plaintiff, when viewed in the light of the exhibits, which show that the written charges were clearly sufficient, that plaintiff was removed after notice and hearing, and that there was evidence tending to sustain the charges. Not having alleged any facts showing that the action of the county judge was either corrupt or arbitrary, it follows that the petition was not sufficient, and that the demurrer thereto was properly sustained.

Judgment affirmed.