### Stanley v. Fiscal Court of Hopkins County, etc.

(Decided September 21, 1920.)

Appeal from Hopkins Circuit Court.

Appeal and Error—Public Officers—Order Removing County Treasurer Not Appealable.—No appeal lies from an order of the fiscal court removing a county treasurer.

H. F. S. BAILEY for appellant.

L. R. FOX for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

At the April, 1917, term of the Hopkins county fiscal court, J. B. Stanley was appointed treasurer of Hopkins county for a term of four years. Prior to his appointment the compensation of the county treasurer was fixed at one per cent of all amounts paid out by him, exclusive of the funds received from the state for state road purposes, thus making his compensation about $700.00 per annum. At a meeting of the Hopkins county fiscal court held in the month of November, 1919, Stanley, after hearing and notice, was removed from office. At that time he had about a year and one-half to serve. From that order Stanley appealed to the circuit court, which dismissed the appeal for want of jurisdiction. From that judgment this appeal is prosecuted.

The fiscal court of a county has the power to apponit a county treasurer and to remove him from office at any time for cause. Section 929, Kentucky Statutes. The statute does not provide for an appeal from the order of removal, but it is insisted that an appeal is authorized by section 978, Kentucky Statutes, providing that "appeals may be taken to the circuit court from all orders and

judgments of the fiscal court, or quarterly courts in civil cases, where the value in controversy, exclusive of interests and costs, is over twenty-five dollars." The argument is that if the appellant be deprived of his office, he will lose compensation amounting to about $700.00, and therefore the value in controversy is far in excess of $25.00. It must be remembered that this is not a contest between rival claimants for office, nor does the case involve the right to compensation already earned. The thing directly involved is the right to hold office. The court does not pass upon the question of value. The right to future compensation is not directly, but only indirectly, involved. Independently of the order of removal, the incumbent might never be entitled to any compensation. It seems to us, therefore, that future compensation, which may never be earned, and which is not, therefore, necessarily involved in the order of removal, cannot be regarded as the value in controversy. We have held that no appeal lies from an order of the county court removing a sheriff, Renshaw v. Cook, 129 Ky. 347, 111 S. W. 377, or from an order of a county judge removing a road engineer, Reese v. Hickman County, 187 Ky. 641, 220 S. W. 314, and we are unable to see any sound reason why the legislature intended that a different rule should apply to the county treasurer. We doubt not that if the legislature had intended that the action of the fiscal court in removing the county treasurer should be reviewable, it would have so provided in clear and unmistakable language, and would not have made the right of appeal depend upon the strained construction of another statute. This does not mean, of course, that the county treasurer is without a remedy, for he may protect his rights by an appropriate proceeding where the fiscal court acts corruptly or arbitrarily.

Judgment affirmed.