## Stanley v. Fiscal Court Hopkins County.

(Decided February 15, 1921.)

### Appeal from Hopkins Circuit Court.

1. **Officers—Public Officers—Removal for Cause—When Courts Will Interfere.**—Where an officer has been appointed for a fixed term, subject to removal for cause, the sufficiency of the cause is a question of law for the courts, and where the cause alleged is legally insufficient the courts will take the necessary steps to prevent the removal of such officer or to set aside the removal and restore him to office.

2. **Officers—Public Officers—County Treasurer—Violation of Statutory Duty As Ground for Removal.**—Where the legislature imposes on an officer a particular duty, and makes that duty so important as to provide a penalty for its non-performance, the courts do not feel at liberty to say that a failure to perform such duty is such a slight delinquency on the part of the officer as not to amount to a sufficient cause for his removal.

J. F. GORDON and H. F. S. BAIILEY for appellant.

LETCHER R. FOX and CHAS. G. FRANKLIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

At its April term, 1917, the fiscal court of Hopkins county elected J. B. Stanley county treasurer for a period of four years. Thereupon he qualified by appearing in open court, taking the necessary oath and executing the bond required by law. Thereafter, from time to time, he made regular settlements in the fiscal court and paid over to the proper persons all the money coming to

his hands as treasurer. These settlements were all approved by the fiscal court. On October 14, 1919, the fiscal court entered an order directing Stanley, as county treasurer, to deposit all county funds in the Hopkins County Bank at Madisonville. Stanley refused to comply with this order because there was no statute giving the fiscal court the authority to determine where the deposits should be placed. On November 15, 1919, an order was entered by the fiscal court commanding Stanley to appear on the 28th day of that month and show cause, if any, why he should not be removed from office because of his failure and refusal to deposit the funds in the Hopkins County Bank, and because of his failure to file with the judge of the Hopkins county court, within five days after such payments were made, a report in writing of each payment of money made to him as such treasurer, showing when and from whom the same was received and on what account. In obedience to this summons, Stanley appeared before the fiscal court on November 28th and filed a written response to the effect that he had deposited the funds of the county in a solvent institution, and that the fiscal court had no power or authority to direct him where he should keep his deposits. He further stated, that, in each year since he had been county treasurer, the fiscal court had appointed a commissioner to make settlements with him as county treasurer, and said settlements had been made. The settlements so made showed the amounts of all funds that came to his hands as treasurer, and from whom received and to what fund they belonged; also all sums paid out, to whom paid, the amounts thereof and the purpose for which the payments were made. These settlements were properly filed with the court by the commissioner and laid over for exceptions. No exceptions of any kind were ever filed to any of the settlements, and each and all of the settlements were approved by the court as being true and correct. Furthermore, he had properly accounted for every cent that had come to his hands as treasurer, and had promptly paid all orders of the fiscal court when presented to him for payment when he had funds with which to do so. He further alleged that no treasurer of Hopkins county had ever reported to the county judge in writing the sums that had come to his hands, and that it had never been the practice or custom to do so; that soon after the present county judge came into office, he inquired of the county judge if he desired that the respondent should make the written re-

ports to him, and the county judge had said that it was not necessary to do so; that prior to the issuing of the rule against him, the county judge had never requested the respondent, or made known to him, that he desired the written reports to be made; that acting in good faith and following along the established precedent and custom of other treasurers in not making such reports to the judge, and acting upon statement of the county judge that it was not necessary for him to do so, he did not make said reports.

After hearing the argument of counsel, the fiscal court entered an order removing Stanley from office as county treasurer. Thereafter, Stanley appealed to the circuit court and the appeal was dismissed. On appeal to this court the judgment was affirmed. Stanley v. Fiscal Court of Hopkins County, etc., 189 Ky. 390, 224 S. W. 1081.

Notwithstanding the action of the fiscal court, Stanley continued to act as treasurer until December 9, 1920, when the fiscal court met and elected J. W. McDonald as treasurer. Thereupon, Stanley brought this suit against the fiscal court and the members thereof and McDonald, charging that his removal was void, and asking for an injunction restraining them from interfering with him in the performance of his duties as treasurer, and requiring the fiscal court to restore him to office. The petition also charged that he was removed because of a political conspiracy, and not because of either of the grounds mentioned in the notice. A demurrer was sustained to the petition and the petition dismissed. Stanley appeals.

Under the statute the fiscal court of a county has the power to appoint a county treasurer and to remove him from office ''at any time for cause.'' Section 929, Kentucky Statutes. The duties and powers of a county treasurer are set forth in section 931, Kentucky Statutes, which provides in part as follows: ''He shall report to the county judge in writing each payment of money paid to him as county treasurer, showing when and from whom received and on what account, and on his failure so to do within five days after payment is made, he shall be guilty of a misdemeanor, and on conviction shall be fined not exceeding one hundred dollars.'' It is strongly urged in behalf of appellant, that inasmuch as he made all the settlements required by law and accounted for every dollar that came into his hands, and merely failed to make to the county judge the reports in writing re-

quired by the statute, *supra,* because of the direction of the county judge and of the custom prevailing in the county, there was an entire absence of such bad faith or such wilfulness on his part as would authorize his removal from office. It is the rule in this and other jurisdictions that where an officer has been appointed for a fixed term, subject to removal for cause, the sufficiency of the cause is a question of law for the courts, and where the cause alleged is legally insufficient, the courts will take the necessary steps to prevent the removal of such officer or to set aside the removal and restore him to office. Reese v. Hickman County, 187 Ky. 641, 220 S. W. 314; State v Duluth, 53 Minn, 238, 55 N. W. 118, 39 A. S. R. 595. In such a case the courts will not determine whether, if sitting in the place of the body authorized to make the removal, they would have taken the same action, but will confine their inquiry to the sufficiency of the cause, where it is conceded that the officer was informed of the charges and afforded an opportunity to be heard. Appellant admits that he knew of the statute but failed to comply with it because the county judge stated it was not necessary, and because it had been the custom not to comply with it. It was peculiarly the province of the legislature to prescribe the duties of the treasurer. To this end it not only provided that the treasurer should make the reports to the county judge as set forth in the statute, but further provided that a failure to comply with that duty was a misdemeanor, for which a fine not exceeding one hundred dollars could be imposed on the delinquent treasurer. Of course, this statute is mandatory in its terms and can not be set aside either by custom or by the direction of the county judge. The offense is complete if the treasurer merely fails to file the reports within the required time, and it is no defense that he acted in good faith and without any wilful intention to violate the law. Where the legislature imposes upon an officer a particular duty, and makes that duty so important as to provide a penalty for its non-performance, we do not feel at liberty to say that a failure to perform such duty is such a slight delinquency on the part of the officer as not to amount to a sufficient cause for his removal. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.