## Arbogast v. Weber, Mayor, et al.

(Decided May 5, 1933.)

HUBBARD SCHWARTZ for appellant.

L. W. SCOTT and CARL ·H. EBERT for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

In this case the circuit court sustained a general demurrer to the plaintiff's petition and refused to grant an injunction as prayed therein.  On a motion before the Chief Justice of this court to grant the injunction, the motion was overruled, Judges Clay, Willis, and Richardson concurring therein, and the following opinion was delivered:

"The plaintiff, Carl J. Arbogast, was elected a commissioner of the City of Newport, a city of the second class, on November 3, 1931, and assumed the duties of his office on January 4th of this year as the statute prescribed.  On May 18, 1932, there was filed by the defendant, Charles E. Lester, Jr., city solicitor of the City of Newport, with the mayor and the three other commissioners of the City of Newport, charges against Arbogast accusing him of willful, intentional and unlawful misconduct in his office as such commissioner.  Notice of these charges and of the time and place set for their hearing by the ·commissioners was served upon Arbogast, who thereupon brought this suit to enjoin the mayor and the three remaining commissioners and Lester from taking any steps in the hearing of such charges and to enjoin the mayor and commissioners from hearing such charges.  A motion was made by Arbogast for a temporary in-

junction and the court heard such motion on the petition, the exhibits filed therewith and a demurrer to such petition. The court sustained the demurrer to the petition and declined to issue the temporary injunction, whereupon motion was made before me as a judge of the Court of Appeals to grant the temporary injunction refused by the lower court and that is the matter now up for decision.

"From the petition and the exhibits filed therewith, it appears that on May 16, 1932, affidavits signed by A. F. Lorenz and H. S. Berlin were filed with the city manager of Newport, that city being under the city manager form of government. These affidavits set out that the respective affiants had procured positions with the City of Newport by an agreement to pay and by paying Arbogast certain moneys for his influence and efforts in procuring such positions for them. The city manager promptly and properly referred these affidavits to the city solicitor who informed the board of commissioners that it was their duty under section 3235dd-45 of the Kentucky Statutes Supp. 1933 to hold a hearing upon the matters set out in the affidavits and if Arbogast were found guilty to remove him from office. The board thereupon directed the city solicitor to prepare the necessary charges but before doing so the board called upon Arbogast; informed him of what had happened and told him that unless he resigned they would have to have the charges heard. Arbogast declined to resign. After the city solicitor had prepared the formal charges, they were signed by the mayor and a day was set for hearing. The petition and exhibits set out the foregoing. The petition further avers that unless the injunction prayed for be granted, the commissioners intend to conduct the hearing and are threatening to unlawfully remove the plaintiff from his office as commissioner and will do so to the plaintiff's great and irreparable injury and damage. On this hearing before me, the plaintiff insists that his petition and exhibits state a good cause of action and warrant the relief sought, first, because section 3235dd-45 under which the defendants, the mayor and three remaining commissioners and the city solicitor, are purporting to act, is unconstitutional, and, secondly, that conceding such section to be constitutional, yet

in this case the board having prejudged the plaintiff, it is not entitled to sit in judgment upon him. Disposing of these contentions in their order, we find that the plaintiff's assault upon the constitutionality of section 3235dd-45, which vests in the board of commissioners the right to hear charges against a fellow commissioner of misconduct, inability or willful neglect in the performance of his duties of his office and to remove him if found guilty is based on the contention that such statute vests in the board of commissioners judicial power contrary to sections 14, 68 and 27 of the Constitution. In support of his position, the plaintiff cites Lowe v. Commonwealth, 3 Metc. 237. It is sufficient to say that plaintiff's contention has been met and answered in at least two cases from this court, one of which is directly in point, it being that of Gibbs v. Board of Aldermen of the City of Louisville, 99 Ky. 490, 36 S. W. 524, 18 Ky. Law Rep. 341, wherein it was held that under section 160 of the Constitution, which in part provides that the General Assembly shall prescribe the manner in and causes for which municipal officers may be removed from office, the legislature has full power to vest in the board of aldermen of the City of Louisville power to hear charges and to remove from office a park commissioner. In that case it was pointed out that the power of removal of city officers at common law was an administrative function. This principle was followed and formed the basis of the opinion in the case of Holliday v. Fields, 207 Ky. 462, 269 S. W. 539, wherein we said that the power to remove from office is essentially an executive or administrative function and the determination of the facts upon which the right to remove from office is based is not the exercise of a judicial function. As was pointed out further in the Holliday Case, even if it be conceded arguendo that the removal from office after a hearing on charges preferred be the exercise of a judicial function, yet where the Constitution specifically provides for an executive or ministerial office or body to exercise such function, there is no violation of constitutional rights since section 28 of the Constitution, which prohibits the exercise by one department of the powers of another department of government, ex-

pressly exempts from such prohibition the instances in the Constitution wherein such exercise of power of one department by another is expressly directed or permitted. Clearly that part of section 160 of the Constitution, the substance of which we have quoted above, so permits. The case of Lowe v. Commonwealth, supra, is not in conflict with these views. That case itself relies on Gorham v. Luckett, 6 B. Mon. 146, where the court recognizes that ordinarily the power of removal from office is an administrative function, although the legislature may by the terms of an act make it a judicial act. All the Lowe Case decides is that in a case of a county office under the Constitution as it then stood the legislature was without power to prescribe any method of removal from office other than indictment or impeachment. But in the case before me section 160 of the Constitution plainly gives the Legislature a free hand in this matter. We are of the opinion that section 3235dd-45 is constitutional.

"Coming now to the second contention of the plaintiff, it is extremely doubtful whether the facts as set out in the petition and the exhibits filed therewith, show or establish that the members of the board of commissioners disqualified themselves to try plaintiff because of prejudice or a pre-judgment of his case. It is true the petition avers that the charges were preferred at the instigation of the board, but the exhibits filed with the petition show that these charges originated in the filing of two affidavits with the city manager. There was nothing improper in the city manager referring these affidavits to the city solicitor for action, nor anything improper on his part in calling the board's attention to its duty to formally prefer charges based on these affidavits and to hear them. The act of the board in offering to permit the plaintiff to resign does not show any prejudice on the part of the board, but was rather a friendly act inasmuch as in the absence of such resignation the board could scarcely escape its duty of hearing these charges. Plaintiff states no facts in his petition upon which he bases his conclusion that if the board hears these charges it will unlawfully remove him from office. This attack upon the qualification of the board to hear the charges is analogous to an

affidavit filed by a litigant to require a presiding judge to vacate the bench. It is well settled in such state of case that an affidavit to require a judge to vacate the bench to be effective must state facts and not conclusions. The petition in the instant case by no means measures up to the requirements of such an affidavit. But even conceding arguendo that the petition is sufficient to show bias or prejudice on the part of the commissioners, that does not warrant the injunction in the instant case. It is true the plaintiff has no appeal from any judgment adverse to him which the commissioners may find on the hearing of these charges. But in this the plaintiff is in no different position from that which the plaintiff Henderson in the case of Henderson v. Com., 199 Ky. 798, 251 S. W. 988, found herself. That was a case wherein the county judge sought to remove from office of oil inspector Mrs. William Henderson on charges preferred before him by two citizens. She filed an affidavit to compel the county judge to vacate the bench, which he declined to do. We held that his declination to vacate the bench did not render the judgment of ouster which he entered void, but that if he had acted on the hearing arbitrarily and capriciously, Mrs. Henderson would have a remedy to protect herself in office, even though the statute conferred no remedy by appeal. That Mrs. Henderson availed herself of this right and retained herself in office though removed by the county judge may be seen from a reading of the case of Henderson v. Lane, 202 Ky. 610, 260 S. W. 361. It follows from these cases that the board has a right to hear these charges even though perhaps they may be prejudiced in the matter, the plaintiff having a full remedy to protect himself even though the statute gives him no appeal if the board acts arbitrarily or capriciously on the hearing. It follows, therefore, that the circuit court did not err in declining to grant the temporary injunction and the motion made before me to grant such injunction refused by the trial court must be and it is hereby overruled.''

After this the plaintiff filed an amended petition in which he made these allegations: The information filed by defendant against plaintiff was based upon affidavits

obtained by the dominance and instigation of Fred C. Weber, mayor, Harry Roth, John Berninger, and Fred G. Otto, commissioners of the city of Newport, from the affiants H. S. Berlin and A. F. Lorenz, and, at the time the information was so prepared and affidavits procured from Berlin and Lorenz, the said defendants well knew that they would pass judgment as such official upon the sufficiency and adequacy of the affidavits of Berlin and Lorenz, and, notwithstanding these facts, they wrongfully and without right had the affidavits of Berlin and Lorenz prepared and filed, knowing that they would sit in judgment as to the sufficiency of the affidavits; no part of the information contained in the affidavits, was properly obtained or was competent to be used at plaintiff's trial, because of its having been improperly so obtained; and that all the acts of the defendants were illegal, without right or authority, and that, unless restrained by the court, the defendants would remove him from office.

The court sustained the demurrer to the petition as amended, and dismissed the action. The plaintiff appeals.

Section 3235dd-45, Kentucky Statutes Supp. 1933, provides:

"In case of misconduct, inability or wilfull neglect in the performance of the duties of his office, the mayor or any commissioner may be removed from office by a unanimous vote of the other four members of the board of commissioners. But no such officer shall be so removed without having been given the right to have a full public hearing with representation by counsel, and with witnesses summoned in his behalf and required to testify. The findings of fact at any such hearing, and the reasons for any such removal, shall be stated in writing and filed as matter of public record."

The Legislature created the office and had full power to provide how and by whom the officer might be removed. It has not provided that bias or prejudice on the part of the other members of the board shall disqualify them from acting. Even as to judges, under such circumstances, the common-law rule was this:

"In order to disqualify a judge there must exist a ground authorized by law to disqualify him;

it is not for the courts to add other grounds of disqualification." 33 C. J. sec. 133, p. 991.

"At common law a judge might properly, of his own will, retire from the case on the ground of his bias or prejudice, it being discretionary with him to do so. While there are dicta to the effect that at common law a judge may be disqualified on the ground of his bias or prejudice, it is generally held, in the absence of statutory provision, that bias or prejudice on the part of a judge, which is not based on interest, does not disqualify him." 33 C. J. sec. 150, p. 998.

The amended petition stated no facts not alleged in the former pleadings. It was filed before there had been any action by the board. As was held in the former opinion, the appellant may not enjoin the board from acting on the ground of bias or prejudice, but, if they act arbitrarily and without cause shown, he has his remedy, as in other cases of improper action by the administrative officers. Here the board had taken no action, and the demurrer to the petition as amended was properly sustained.

Judgment affirmed.