## Lyon v. Bell et al.

(Decided Oct. 21, 1938.)

**70**

MARTIN & SMITH for appellant.

CLAYTON SMOOT for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal is from a judgment of the Boyd circuit court, entered in June, 1938, dismissing appellant's petition, wherein he sought to enjoin the defendants (here appellees) from removing him from his office of treasurer of Boyd county, or otherwise interfering with him in the discharge of his official duties as such, and to reinstate him in his office.

The appellant, Lyons, alleged in his petition, as was also stipulated by the parties, that on April 7, 1937, he had been elected treasurer of Boyd county by the members of its then fiscal court for a term of four years, expiring at the April term of the court in 1941, and that he had thereupon qualified by appearing in open court, taking the necessary oath and executing his official bond, as required by law.

Further, he alleged that in the following November, 1937, general election, each and all of the members of the former court were defeated of re-election and the appellees, George G. Bell, county judge, and the named county commissioners had all been elected as the fiscal court of Boyd county and thereafter on January 3, 1938, had duly qualified and were inducted into office as members of the court and at once assumed the discharge of their duties as such.

Further, it is alleged in the petition that the defendants (hereinafter referred to as the appellees) had, between their election in November, 1937, and their later induction into office on January 3, 1938, agreed and conspired together to corruptly and arbitrarily remove all the appointees of the former fiscal court from their re-

spective offices and in pursuance of and by way of carrying out such plan and agreement, that they, upon the very day they were inducted into office and as their first official act, passed and had entered the following order:

"Moved by the court that all appointments made by the prior Court as to offices and labor were rescinded and that all appointments be made to fill such vacancies were by unanimous vote of the Court."

It is then alleged in the petition that thereupon the defendants, on January 6, signed and delivered to plaintiff notice that they had declared his office of treasurer of Boyd county vacant and that he was no longer employed to perform the duties of it.

Further, he alleged that notwithstanding the action of the defendants, in passing said order and notifying him of their having so declared his office vacant, he had continued to perform all the official duties of said office in a competent and honest manner; that at all times since his appointment and qualification as treasurer of Boyd county and his entry upon the discharge of the duties of said office, he, as treasurer of Boyd county, has received and receipted for all moneys due and to become due to said county from the several collecting officers thereof and other persons paying money into the county treasury, and that at all times all moneys so received had been held subject to the order of the fiscal court of Boyd county; that at all times mentioned, he has kept a book, furnished him by the fiscal court, in which he has kept a correct and accurate account of all moneys received and disbursed by him for the county; that he had properly kept same and made reports thereon in compliance with and as by the law in such case provided; that he has, at all times herein mentioned, reported to the county judge money paid to him as treasurer, showing when and from whom received and on what account within five days after said payment was made and has further, at all times when required by the fiscal court, settled his accounts as county treasurer at each regular term of the fiscal court held in and for Boyd county after his appointment as treasurer.

Further, the plaintiff alleged that notwithstanding his faithful, competent and honest discharge of all the duties of his office, but in disregard thereof and in fur-

therance of the scheme and conspiracy of the defendants to arbitrarily declare his office as county treasurer vacant and to molest him in the discharge of his official duties to the hurt of the public business, under pretense of exercising the power conferred by section 929, Kentucky Statutes, upon the fiscal court to remove the county treasurer at any time for neglect of official duties, incompetency or dishonesty, the defendants gave to the plaintiff on January 29, 1938, a further written notice to appear before them on February 8, to be tried upon charges of neglect of official duties and incompetency in the discharge of his duties as county treasurer, the notice further stating that ''the various infractions of the law and inefficiency will be enumerated to you by the County Auditor.''

Plaintiff alleged that any trial conducted by defendants upon this notice given would have been a farce and that it was intended by the defendants to be carried on only in furtherance of their plan and conspiracy to arbitrarily and corruptly remove the plaintiff (here appellant) as county treasurer, as the defendants had previously, on January 3, by their order declared his office vacant, without specifications of facts given therein, which were claimed to constitute neglect of official duties or incompetency in plaintiff's discharge of his duties.

Further, he alleged that the order of the appellees made on January 3, declaring plaintiff's office as treasurer vacant and purporting to terminate his employment as such, was entered by the defendants at the first day of their term or at a time when they or any of them had neither time nor opportunity to learn or know of the qualification, competency or honesty possessed by him or exercised by him in the discharge of his duties; that by reason of these premises, the appellant on the —————— day of ——————, 1938, had filed his petition in the Boyd circuit court against the defendants, seeking to enjoin them from hearing or trying on February 8, 1938, the plaintiff upon the charges preferred of neglect of official duties and incompetency and for stated various infractions of the law and inefficiency, which were not given in the notice but were to be enumerated to him by the county auditor, and that in this said proceeding, an order was entered by the court on the —————— day of February, 1938, restraining and enjoining defendants

from trying this plaintiff on February 8, 1938, or the day upon which he had been ordered to appear for trial before them.

Further, he alleged that thereafter, on February 8, at a special term of the Boyd fiscal court, it was ordered by the court that a notice be served upon appellant to appear before it for trial on February 18 on the charges preferred, and that the county attorney be instructed to enumerate the charges to which he should answer; that pursuant to such order, a written notice was delivered to appellant commanding him to appear before the fiscal court, at the time stated, to answer the charges of neglect of official duties and incompetency in office made against him, and therein more particularly specifying the charges as follows:

"Specification 1. As Treasurer of Boyd County you willfully or negligently issued checks on the Road Fund in an amount exceeding by $5,043.03 the Budget Item for said fund.

"Specification 2. You have failed to report every five days to the County Judge of Boyd County as to the receipts and disbursements of your office as required by law.

"Specification 3. The monthly reports made to this court or to the preceding court are not in compliance with the Budget Act in that such reports failed to show the receipts and disbursements of the office of County Treasurer; failed to show the balance on hand of all funds in your hands as County Treasurer. You have failed to report to this court or to the preceding court all warrants paid during each month; failed to show affirmatively that every warrant issued or contract made is or was within the proper Budget Account, or not in excess of the Budget items or funds from which paid."

Plaintiff further alleged that on February 12, the defendants served further notice of charges to be heard by them on February 25, whereby (specification No. 4) he was charged with negligence in the performance of his official duties and incompetency in office by issuing a check to the Tri-State Office Equipment Company in the sum of $40.20, which was not authorized by the fiscal court and for which no warrant had been issued; further, that he had issued named checks in excess of the

amount authorized by the fiscal court and specified by warrants and gave checks to parties holding other warrants in amounts less than authorized by the fiscal court and specified in such warrants and also made other numerous errors in payment of county warrants.

Plaintiff states that upon his hearing and trial before the fiscal court on these charges, he denied them all by traverse; further, that while the proof heard upon the trial showed that in discharging the duties of his office, he committed the errors as charged in specification No. 4, yet he sought to excuse and minimize such conduct by stating that they were trivial mistakes made in the course of handling a large volume of business, all of which had been corrected by him and had been duly entered upon his records as mistakes made, when discovered.

Further, when testifying upon the hearing in his own behalf, he stated that he had, in violation of the provision of the Uniform Budget Act (Sections 1851c-1 to 11, Kentucky Statutes), overdrawn the appropriation made by the budget committee for the county's 1937-38 road account by some $5,000, but that he did so under the direction of an order of the then members of the fiscal court, who were informed of the situation as to the funds of that account being exhausted; that they told him they would transfer from other budget accounts sufficient funds to meet these checks he was directed to give upon the road fund. He further stated that he acted upon such promise of the fiscal court to transfer these funds in an amount sufficient to meet the total of these checks given in July, August and September, 1937, on the road fund, overdrawing it as stated; that the court later, in December, 1937, made a nunc pro tunc order, transferring as it had previously promised sufficient funds from other budget accounts appropriated for the administering of necessary governmental departments of the county to the road account to balance it and against which his checks had been given in excess of its amount.

However, it appears there was no record made of the court's having, at the time of making such claimed promise, made a written order transferring funds from other budget accounts to the road account, authorizing the court's order made some months thereafter, in December, so transferring the funds, as a nunc pro tunc

order, evidencing and carrying out the alleged previous earlier verbal promise of the court to order the transfer of the needed amount of the road fund, when the overdraft occurred, but which was at such time overlooked and by inadvertence failed to have been then entered of record, by which alone the court must speak.

Further, the appellant, when testifying, admitted that he was advised as to the provisions of the Budget Law, providing that the county budget shall provide for all the funds to be expended by the county from current revenue for the fiscal year for which the budget is adopted and that any appropriation or claim allowed by the fiscal court in excess of any budget fund shall be null and void and shall be construed as a violation of the Act; further, that the said Uniform Budget Law provided that the county treasurer shall file with the clerk of the fiscal court a monthly statement containing a list of warrants paid by him during the month and showing all cash receipts, the cash balance at the beginning and the close of the month and certify that each warrant or contract is within the budget appropriation; otherwise, any such warrant or contract shall be null and void. Yet, notwithstanding that he had knowledge of such provisions of the law, he failed to file monthly reports with the clerk of the fiscal court, showing such matters, but did file a monthly report not complying with the provisions of the law, in that it was neither filed with the clerk nor made the specific showing directed by the Act.

The fiscal court upon its trial of the appellant upon these charges found him guilty of incompetency and neglect of official duties, as set out in specifications Nos. 1, 3 and 4, and, so finding, ordered that he be removed from office and elected a successor to him.

Upon appeal from such finding and ruling of the fiscal court, the circuit judge upon his hearing and trial of the case, approved the ruling of the fiscal court removing the county treasurer on the grounds of neglect of his official duties and incompetency, in that it was admitted by the treasurer that he had failed at all times to comply with the provisions of section 1851c-10, Kentucky Statutes, the penalty for which non-compliance is a fine of not less than $50, Kentucky Statutes, section 1851c-11; further, that the appellant treasurer was notified of the time and place of the trial upon the charges made, and filed his answer thereto, when, after proof

heard, the trial resulted in the fiscal court's finding that three of the four specifications were sustained by the evidence and that each constituted legal cause for removal, whereupon by unanimous vote of the fiscal court an order was entered removing the treasurer from office. Further, it was adjudged that the only question submitted for the court's consideration was, were the charges legally sufficient for appellant's removal, which he adjudged them to be.

The appellant has appealed from this decision, contending that his removal from his office as treasurer of Boyd county was due not to infraction of the law by him as treasurer in the discharge of the duties of his office, but to the arbitrariness and capriciousness of the present fiscal court, when motivated and induced to remove him by political considerations and personal hostility to him.

The like contention was unsuccessfully made in the case of Stanley v. Fiscal Court of Hopkins County, 190 Ky. 495, 227 S. W. 813.

There, the court, in disposing of and adversely answering such contention, said [page 814]:

"Under the statute the fiscal court of a county has the power to appoint a county treasurer and to remove him from office 'at any time for cause.' Section 929, Kentucky Statutes. The duties and powers of a county treasurer are set forth in section 931, Kentucky Statutes, which provides in part as follows: 'He shall report to the county judge in writing each payment of money paid to him as county treasurer, showing when and from whom received and on what account, and on his failure so to do within five days after payment is made, he shall be guilty of a misdemeanor, and, on conviction shall be fined not exceeding one hundred dollars.' It is strongly urged in behalf of appellant that, inasmuch as he made all the settlements required by law and accounted for every dollar that came into his hands, and merely failed to make to the county judge the reports in writing required by the statute, supra, because of the direction of the county judge and of the custom prevailing in the county, there was an entire absence of such bad faith or such willfulness on his part as would authorize his

removal from office. It is the rule in this and other jurisdictions that where an officer has been appointed for a fixed term, subject to removal for cause, the sufficiency of the cause is a question of law for the courts, and where the cause alleged is legally insufficient, the courts will take the necessary steps to prevent the removal of such officer or to set aside the removal and restore him to office. Reese v. Hickman County, 187 Ky. 641, 220 S. W. 314; State v. Duluth, 53 Minn. 238, 55 N. W. 118, 39 Am. St. Rep. 595. In such a case the courts will not determine whether, if sitting in the place of the body authorized to make the removal, they would have taken the same action, but will confine their inquiry to the sufficiency of the cause, where it is conceded that the officer was informed of the charges and afforded an opportunity to be heard. Appellant admits that he knew of the statute, but failed to comply with it because the county judge stated it was not necessary, and because it had been the custom not to comply with it. It was peculiarly the province of the Legislature to prescribe the duties of the treasurer. To this end it not only provided that the treasurer should make the reports to the county judge as set forth in the statute, but further provided that a failure to comply with that duty was a misdemeanor, for which a fine not exceeding $100 could be imposed on the delinquent treasurer. Of course, this statute is mandatory in its terms and cannot be set aside either by custom or by the direction of the county judge. The offense is complete if the treasurer merely fails to file the reports within the required time, and it is no defense that he acted in good faith and without any willful intention to violate the law. Where the Legislature imposes upon an officer a particular duty, and makes that duty so important as to provide a penalty for its non-performance, we do not feel at liberty to say that a failure to perform such duty is such a slight delinquency on the part of the officer as not to amount to a sufficient cause for his removal.''

See, to like effect, the cases of Hunter v. Board of Education, 265 Ky. 162, 96 S. W. (2d) 265; Arbogast v. Weber, Mayor, 249 Ky. 20, 60 S. W. (2d) 144, and

Meade County Board of Education v. Powell, 254 Ky.. 352, 71 S. W. (2d) 638, holding that in the determination of the question as to whether or not the court acted arbitrarily and capriciously in removing the appellant county treasurer from his office or that in so doing it was governed by bias or motives of personal hostility to the ousted official is immaterial, in that the only material question in such case is not one as to the court's unfriendly feeling as inducing its action, but the pivotal question is as to whether or not there was substantial evidence of appellant's guilt of the preferred charges, as specified, and whether he was given a reasonable notice and fair opportunity to present his defense thereto.

Being of the opinion that the present appeal is adversely and conclusively determined against the appellant by the law as declared in the quoted Stanley and other cited cases, and that the appellant has here had a fair trial, after due notice of the charges preferred and the opportunity given to prepare his defense thereto, we conclude that the judgment of the trial court, in upholding appellant's removal from office, should be, and it is, affirmed.