**Carl COCKRIEL, Appellant,**

v.

**Foy EMBRY, Individually, and as Judge of Grayson County, Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 15, 1974.

Durward W. Maynard, H. S. Horen, Louisville, for appellant.

John B. Anderson, Owensboro, for appellee.

REED, Justice.

The appellee, Foy Embry, County Judge of Grayson County, removed the appellant, Carl Cockriel, as Grayson County engineer. KRS 179.060 empowers the county judge to remove the county engineer "at any time for incompetency, malfeasance or misfeasance." The statute requires written charges, a hearing preceded by notice and written specification of the grounds of removal if the charges are sustained; it also requires that "the record of the proceedings shall be filed in the office of the county clerk." The county judge, with the consent of the fiscal court, is authorized to appoint a county engineer to fill a vacancy caused by such removal. The statute then declares "the person so appointed shall hold office for the unexpired term *or until a final order of a court of competent jurisdiction determines that the original county engineer was wrongfully and illegally removed and directs his reinstatement.*" (emphasis added.)

After a hearing pursuant to notice, Judge Embry ordered the removal of Cockriel. Cockriel filed an independent action in the circuit court seeking a declaration that the statutory removal was void. The circuit court sustained Judge Embry's motion for a summary judgment. Cockriel thereupon appealed to this court. Cockriel insists that the county judge acted arbitrarily and without evidence.

Substantially the same statute as KRS 179.060 was considered by this court in

Reese v. Hickman County, 187 Ky. 641, 220 S.W. 314 (1920). In that opinion the court pointed out there was no statutory appeal procedure provided from an order of a county judge removing a county road engineer. The court, nevertheless, felt constrained to comment that some effect had to be given to the language of the statute which recognized the possibility that a final order of a court of competent jurisdiction could determine the removal was "wrongful and illegal" and reinstatement might be properly directed. The Reese opinion construed this language as a legislative protection against corrupt or arbitrary action on the part of the county judge. Explaining its construction of the statute, the court said: "Hence, if the charges are sufficient, and the incumbent is given due notice thereof and an opportunity to be heard, *and there is some evidence tending to support the charges, or the hearing of evidence is waived,* the courts will not interfere. On the other hand, if it is made to appear that the county judge acted corruptly, or that the charges were frivolous and legally insufficient, or that the incumbent was removed without notice or hearing, *or that there was no evidence whatever to support the charges, and that the hearing of the evidence was not waived,* the courts will interfere and direct the reinstatement of the incumbent." (emphasis added.)

In the case at bar, the notice of hearing is sufficient. A hearing was held at which Cockriel was present and represented by counsel and at which evidence was heard. The critical problem is whether there was substantial evidence [1] to support the action of the county judge. Although Cockriel was represented by counsel and had been afforded fair notice of the charges and a reasonable opportunity to prepare for the

hearing, there is no claim that he either sought to make a transcript of the testimony or that he requested the county judge to have the testimony transcribed. By like token, it appears that although the statute under which the proceedings were held requires "a record of the proceedings," the only purported record is an order signed by *the county judge which merely recites in substance findings of ultimate facts and conclusions of law.* In our view, if any significance is to be attached to the language of the statute indicating possible judicial review to assure due process and thereby prevent arbitrary or corrupt action, then some recitation of the substance of the evidence (basic facts) must be included to constitute a proper "record" as that word is used in the statute.

In view of the latitude afforded to the county judge, who is only restricted by the limitations of "good faith" and "substantial evidence," and in further consideration that for at least the past 50 years no statutory appellate procedure to the courts has been legislatively provided, we think it rather late in the day to require a circuit court to first consume its time determining the issue of what evidence was in fact heard by the county judge acting in an administrative capacity in the discharge of a county road engineer under the circumstances presented in this case. No real attempt to provide the proper material for meaningful judicial review has been made by the parties to the dispute.[2]

The application of Cockriel was for declaratory relief. A reasonably adequate recitation of the evidence heard and considered by the county judge should be furnished to the circuit court so the essential determinant for the circuit court's review of the validity of the county judge's action in this case is presented. It follows, there-

---

1. The Reese opinion contains two statements that are no longer authoritative: first, the evidentiary test to determine "arbitrary" administrative action is lack of substantive evidence not "absence of any evidence whatever" as Reese decides; second, an allegation that administrative action is supported by

"no evidence" is a statement of fact and not a legal conclusion as the Reese case suggests.

2. Cockriel's so-called "narrative statement" is equivalent to a self-serving declaration of argumentative assertions and conclusions.

fore, that the circuit court's summary judgment in favor of the county judge was erroneous.

The application for declaratory relief should be abated and the parties directed to furnish a proper record for judicial review after which the circuit court may dispose of the action on its merits.

The judgment is reversed for further proceedings consistent herewith.

All concur, except PALMORE, J., who did not sit.